FILED
IN CLERKS OFFICE

2005 FEB 16 P 4:05

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

U.S. DISTRICT COURT
DISTRICT OF MASS.

SAMUEL JONES,                )
    Plaintiff           )  Civil Action No. 04-12652
                             )
v.                           )
                             )
SHARON CREDIT UNION          )
                             )
    Defendant.          )

COMPLAINT

Nature of the Action

1. Plaintiff Samuel Jones ("Samuel Jones") brings this action against Defendant Sharon Credit Union ("Credit Union") or ("such bank"), and the office of James L. Carlson, its employees (collectively "Carlson"), for monetary damages and other relief pursuant to the Massachusetts Consumer Protection Act, M.G.L. 93A, the Massachusetts Consumer Disclosure Act, M.G.L. c. 140D, the M.G.L. c. 167B, & 9, the M.G.L. c.171 & 40, the federal Truth in Lending Act, 15 U.S.C. & 1601, et seq., and common law doctrines of breach of contract, negligence, breach of fiduciary duty and fraud.

2. Beginning with a $25 million civil rights suit charging racial discrimination by the Gillette Company was filed in July 1975 in federal court, Boston, Massachusetts. The class action suit was brought in behalf of two black employees of the company, one of whom presently seeks damage for non-compliance of Court order in 1983.

3.  Beginning with the solicitation of Samuel Jones through initial deposit of a certified check of $38,000 drawn on former Bank of Boston or such bank, and direct deposit of Social Security Disability Income ("SSDI") from the Treasury Department by a representative of Sharon Credit Union, the defendants proceeded, through fraud, misrepresentation, misdisclosure and breach of fiduciary duties to induce Samuel Jones to enter into a transactions over a period of several years. These transactions involved onerous terms including denying mortgage loan, withholding shareholder trust account, excessive interest charges and/or other discriminatory acts. Samuel Jones and Hillary A. Jones (Bristol) are trustees of trust account and deposit of $25,000 was accepted in the name of one or two persons in trust at such bank.

4.  As a result of Sharon Credit Union's actions, or such bank, Samuel Jones took on an initial debt of $68,500 in 1996 which he could not meet his closing costs because of withholding of $25,499.20 disability income, and/or withholding of $25,000 trust account. The downpayment of $1,500 and other costs was loss due to the actions of such bank including the discriminatory acts of former Bank of Boston, Bay/Bank, Fleet's Bank in connection with actions to repay amounts paid on shares or deposited by members upon proper notice of intention to withdraw the trust account were not available rested on such bank.

5.  Defendants Sharon Credit Union, such banks and/or Carlson reaped their illegal profits on these transactions

by concealings information required to be disclosed on a transfer identification number which provides a permanent audit trail. In the case of Samuel Jones or consumer's passbook account which may not be accessed by electronic fund transfers other than preauthorized electronic fund transfers credititing his account. Plaintiff's property or passbook was seized on June 9, 2000. The defendant Boston Housing Authority ("BHA") informed the court that his property was seized on June 6, 2000. Samuel Jones brought this action to enforce the provisions under M.G.L. c. 93, & 13 within four years after the cause of action accrued. In letter dated January 23, 2004, the plaintiff notice of intention to withdraw the $25,000 trust-fund account with Sharon Credit Union. Plaintiff alleges that his account shown a credit of $25.46 was error, and the corrected amount should be $25,460 which includes ("Dividend"), payments on shares paid from the earnings which actually have been collected during initial deposits in 1996.

6. Plaintiff alleged that as result of breach of contract or agreement, he suffered loss of reputation, emotional distress, and other personal injuries upon being notified that he was awarded and eligible for Social Security Disability income (SSDI) payments, Mr. Mr. Jones signed a purchaser'sell agreement on a Condo mortgage fee $400 a month more than the apartment he had previously occupied.

### Jurisdiction

7. This court has jurisdiction to grant the relief sought by the plaintiffs pursuant to M.G.L. c. 260 & 2; M.G.L. c. 171 & 40; M.G.L. c. 167A; M.G.L. c.167B & 9; M.G.L. C. 171 & 1; and pursuant to M.G.L. c. 93, && 12, 13, c.93A, & 9.

### Parties

8. Plaintiffs Samuel Jones and Hillary A. Jones are the shareholders or depositors as trustee or trustees and residents of Suffolk County, in the State of Massachusetts. Mr. Jones was a former resident at 289 East Eight Street, South Boston, and Hillary A. Jones a former resident at 81 Orton Marroita Way, South Boston. Plaintiff Samuel Jones now resides at 178 Humboldt Ave, Suite # 3, Boston, Massachusetts 02121. Hillary A. Jones is the beneficiary of the trust account and now resides in Dedham, Massachusetts 02026.

9. Defendant Sharon Credit Union is a ("Banking Institution") or ("Credit Union") or ("such bank") corporation with a business addresses of 30 Pond Street and 42 Pond Street Sharon, Massachusetts 02067. Defendant James L. Carlson is the president and chief operating officer of Sharon Credit Union Corporation. Defendant Ms. Manning (before marriage) is an employee of the Sharon Credit Union. The address is unknown.

10. Defendants of such banks or credit unions on information and belief, at all or some times relevant to this Complaint, James L. Carlson and other officers of such bank has an ongoing

## Factual background

business relationship with the Commissioner of banks, the ("Commissioner") or ("Successor"), and such bank, as the holder of state and federal funds did draft a certified check for $60,000 payable to plaintiff Samuel Jones and counsel Mathhew Cobb, at 101 Tremont Street, Boston, Massachusetts. Upon receiving separate checks, Samuel Jones deposited a certified check in the amount of $38,000 with the Sharon Credit Union at 30 Pond Street, Sharon, Massachusetts 02067.

   12.  On May 11, 2001, the president of Sharon Credit Union, James Carlson mailed a copy of the statements, but did not sent statement of trust account or trust-fund account in the amount of $25,000. He informed Mr. Jones that fees for such bank research department are $20.00/hr. His former wife had died of cancer in May 2001 and Mr. Jones did not have funds or legal assistance to recovery his property or bank passbook. The defendant Boston Housing Authority ("BHA") had seized his personal belongs including his bank passbook, receipts, computers, legal documents etc., The lower court had denied him access to his apartment at 289 East Eight Street, South Boston.

   13.  In 1996, the mortgage loan underwriter, Robert Jackson of such bank as Bay Banks Mortgage Corporation, at 420 Providence Highway, Westwood, had denied Mr. Jones a mortgage loan. (Mortgage Application No. 961521626190).

Mr. Jones had filed a complaint with the Commissioner of banks against the MBTA's Credit Union (1993-1994). He had loss his job as bus operator. On information and belief, such bank did not allowed a member loan as other members of Credit Union as did the Sharon Credit Union, despite the fact that Mr. Jones had paid off his debts.

    14.  On June 18, 1996, Mr. Jones had an appointment to meet with the Deputy Director of Civil Investigation Division, William E. Stone, Jr., James P. Stamatos, investigator, and attorney Susan all of the Attorney General Office, at Ashburton Place, 19th Floor, Boston, Massachusetts. On information and belief, Mr. Jones testified about the discriminatory acts and retailation against him and other tenants at the defendant Boston Housing Authority and the Massachusetts Bay Transportation in violations of their civil rights. For an example, an Hispanic woman was seriously beaten and later was evicted from her apartment in South Boston. The BHA' police officer had harrassed her and on one occassion had asked her to say that "Mr. Jones was selling drugs" from his apartment at 289 East Eight Street South Boston. The medical records at the former Boston City Hospital indicated that she had suffered a serious beaten. Mr. Jones saw the black eye and bruiess on her body. Tenant was afraid to return to her apartment in South Boston. On information and belief, at all or some times relevant to this Complaint, such bank, Commissioner, Boston Housing Authority and other defendants, particular the presidents or officers knew of the ongoing business relationship with the Sharon Credit Union.

15. On or about February 24, 1982, this Court entered judgment in this action. (civil action No. 75-3017-Z); The Judgment approved, and ordered implemented, inter alia, a procedure for the prosecution of employment discrimination claims against Gillette by individual class members. Individual named plaintiff(s), Samuel Jones who had iniated the claims, and later discovery or learned that he has been injured and may arise in three circumstances: (1)Where misrepresentation concerns facts that was inherently un-unknowable to injured party; and (2) where wrongdoer breaches duty of disclosure, or (3) where wrongdoer concealed existence of cause of action through some affirmative act done with intent to deceive. Patsos v. First Albany Corporation, (2001) 433 Mass 323, 741 NE 2d. 841.

On April 14, 1983, after a full evidentiary hearing, the Court sustained Jones' promotion claim, and, on June 27, 1983, it entered an order that Gillette pay Mr. Jones $8,936.31 in damages. Plaintiff is injured as result of defendant's unlawful act or ommission, when he knows or should know that he has been injured. Pagliuca V. City of Boston (1994) 35 Mass App. 820, 626 N.E. 2d. 625.

On February 24, 2003, William K. Suter, Clerk of Supreme Court of the United States requested that plaintiff correct and resubmitt his petition as soon as possible. A copy of the corrected petition was served on opposing counsel. A notarized affidavit of indigency under Rule 39, was filed along with a concise statement of the case under Rule 14.1 (g).

<u>COUNT 1</u>

<u>Violation of M.G.L. c. 93A</u>
<u>Sharon Credit Union</u>

16. Samuel Jones restates and incorporate by reference the allegations contained in paragraph 1 through 15 of this Complaint.

17. As set forth more fully above, Sharon Credit Union engaged in unfair and deceptive acts in violation of M.G.L. c. 93A including the following:

    a. Failing to disclose that the bank manager who arranged the trust account was actually an agent of Sharon Credit Union, thus allowing Mr. Jones to believe that the bank manager was working in his interests:

    b. Having the bank manager in the Sharon Credit Union set up a trust-fund account in a amount of $25,000 as if the bank manager was not an agent of such bank.

    c. Misrepresenting the terms and conditions on which the trust-fund account would be made, including, but not limited to, disbursing funds from other accounts which amount was not included in the disclosure statement;

    d. Misleading Samuel Jones by suggesting he never made the deposit and that he had withdrawning the funds from the trust account.

    e. Misrepresenting and otherwise failing to accurately represent the terms of the trust fund account; and

    f. Ignoring the requirement of good faith and fair dealing applicable to the transaction under the Uniform Commercial

    f. Ignoring the requirement of good faith and fair dealing applicable to the transaction under the Uniform Commercial Code.

    18. The conduct of Sharon Credit Union as aforesaid violated the Massachusetts Consumer Protection Act, G.L. c. 93A, § 2 and applicable regulations including 940 C.M.R. § 3.16, in that it was unfair, deceptive, oppressive, unconscionable, and contrary to public policy and generally recognized standards applicable to the consumer lending business or such bank.

    19. The conduct of Sharon Credit Union as aforesaid violated the Massachusetts Consumer Protection Act, G.L. c. 93A, § 2 and applicable regulations including 940 C.M.R. § 3.16, in that it violated existing statutes, rules, regulations or laws, meant for the protection of the public's health, safety or welfare, including but not limited to, M.G.L. c. 140D and 209 C.M.R. §32.01 et seq.

    20. The conduct of Sharon Credit Union as aforesaid violated the Massachusetts Consumer Protection Act, M.G.L. c. 93A, § 2 and applicable regulations including 940 C.M.R. § 3.16, in that it violated the requirement of good faith and fair dealing applicable to contracts under M.G.L. c. 106, §1-203.

    21. The conduct of Sharon Credit Union was willful or knowing within the meaning of the Massachusetts Consumer Protection Act, M.G.L. c. 93A, § 9; M.G.L. c. 93, §§ 12,13.

    22. Plaintiff suffered damages as aforesaid by virtue of Sharon Credit Union's violations. Said damages include, but are not limited to,

a. to recover the actual damages sustained, together with the costs of suit, including reasonable attorney fees;

b. paying fees to Sharon Credit Union to which it was not entitled;

c. paying dividend on payments on shares paid from the earnings from share account or trust account to its member of the amount allowed by law.

23. The defendant's refusal to grant relief upon demand was made in bad faith with knowledge or reason to know that the acts or practices complained of violated G.L. c. 93A, & 2.

## COUNT II
### Breach of Fiduciary Duty
### Sharon Credit Union and Carlson

24. Samuel Jones restates and incorporate by reference the allegations contained in paragraphs 1 through 23 of this Complaint.

25. To the extent, if any, that Sharon Credit Union and/or Carlson acted or purported to act as a director or trustee for Samuel Jones and Hillary A. Jones in any transaction described above, the officers of such bank for trust-account breached their fiduciary duty to the shareholders in that transaction, by:

a. failing to seek or and obtain a permanent audit trail;

b. failing to disclose its financial relationship, if any, to the "Commissioner of banks" from whom such bank subject to the provisions of the Home Mortgage Disclosure Act (12 U.S.C. c. 2801 et Seq.)

c. failing to repay amounts paid on shares or deposited by members upon proper notice of intention to withdraw funds; and

d. failing to otherwise act in good faith and in the interest of the plaintiffs.

26. Plaintiffs were damaged by the defendants' breach of fiduciary duty.

## COUNT III
### Intentional Misrepresentation and Fraud

27. Samuel Jones restates and incorporate by reference the allegations contained in paragraphs 1 through 26 of this Complaint.

28. In the course of the transactions, Mr. Carlson and bank manager (Ms. Manning), each defendants made one or more misrepresentations of fact and/or failed to make accurate representations of fact and/or failed to provide material information about the transactions as set forth more fully above.

29. Each defendant knew or should have known that said representations were false and/or that material information was omitted.

30. Said misrepresentations and omissions were material to the transactions.

31. Said misrepresentations and omissions were made with intent that the plaintiffs rely thereon.

32. The plaintiffs reasonably relied on these misrepresentations and omissions.

33. The plaintiffs were damaged thereby.

### COUNT IV

### Negligence

34. Samuel Jones restates and incorporate by reference the allegations contained in paragraphs 1 through 33 on this Complaint.

35. In the course of the transactions described above, each defendant made one or more statements about the nature and terms of the transaction which were inaccurate.

36. Each defendant stood in a relationship to the plaintiffs under which they owed the plaintiffs a duty of care to provide accurate information about the transactions.

37. The defendants failed to exercise reasonable care to provide the plaintiffs with accurate material information about the transactions which they knew or had reason to know that the plaintiffs would want.

38. The plaintiff eas injured in the transaction by the defendants' failure to provide accurate information.

39. The defendants' negligence was the proximate cause of the plaintiffs' injuries.

### REQUESTS FOR RELIEF

The plaintiff requests that this Court:

   a. assume jurisdiction of this proceeding;

   b. award damages, multiple damages, costs and attorneys' fees against defendant Sharon Credit Union pursuant to G.L. 93A;

c. award damages, multiple damages or other enhanced damages, costs and attorneys' fees against defendant Sharon Credit Union and Carlson for breach of fiduciary duty;

d. award damages, multiple damages or other enhanced damages, costs and attorneys' fees against defendants Sharon Credit Union, Carlson, Ms. Manning, individually and as an officer of such bank for intentional misrepresentation and fraud

e. order that Sharon Credit Union return all shares accounts and charges paid to them in connection with each transaction pursuant to M.G.L. 171 & 7, & 40 (Trust Account);

f. award such other relief as the Court deems appropriate and just.

THE PLAINTIFF DEMAND TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.

Respectfully submitted,

*Samuel Jones*
Samuel Jones, Pro Se
P.O. BOX 191714
Boston, Massachusetts 02119
(    )

Dated: February 14, 2005