FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS 2006 JAN -5  P 2: 31

SAMUEL JONES

    Plaintiff,

v.

SHARON CREDIT UNION

    Defendant.

CIVIL ACTION
04-12652-DPW

DISTRICT COURT
DISTRICT OF MASS.

AGREEMENT FOR JUDGMENT

THE PARTIES IN THE ABOVE-ENTITLED ACTION HEREBY STIPULATE AND AGREE TO THE FOLLOWING:

1.    Judgment for the plaintiff for possession and damages in the amount of $25,460.00 plus interest and costs as determined by the Clerk of the Court shall enter this day, but Execution of the Default-Judgment shall be stayed until the terms and condition set forth in Stipulation of Dismissal. Plaintiff requests Sharon Credit Union to set aside $300,000 in escrow account for mortgage loan.

2.    If the Defendant fails to comply with or make the payments in accordance with the agreement set forth below, the Plaintiff may request an execution for triable damages, costs, and interest by filing a motion which shall indicate which covenants or payments have not complied with the balance owed. The Court after a hearing shall determine whether the President of Sharon Credit Union is in substantial violation of a material term or condition of a stay or a material term of the agreement for judgment.

1

As a direct and proximate result of the defendant Sharon Credit Union's actions the plaintiff Samuel Jones and the class he represents has suffered and will continue to suffer severe emotional distress, mental anguish and other irreparable injury from the banking institution's discriminatory policies, practices, procedures and customs as set forth herein.

### PRAYER FOR DAMAGES

WHEREFORE, Plaintiff respectfully prays this Honorable Court grant him an Order for United States of America on behalf of a Negro person a speedy hearing at the earliest practicable date, cause this Case to be in way expedited and upon such hearing to:

1. Awards such damages as will fully compensate him for injuries caused by the conduct of the Sharon Credit Union
2. Awards punitive damages to him pursuant to 42 U.S.C. && 3612(0)(3), 3613(C)(1), and 3614(d)(1)(B); and Awards civil penalties to the United States in the amount authorized by 42 U.S.C. & 3614(d)(1)(C) in order to vindicate the public interest.
3. For emotional distress, $65,000, double under M.G.L. 151(B), & 9, to $130,000.
4. And legal costs of $3,500.

Respectfully submitted,

*Samuel Jones*
By: SAMUEL JONES
10 Gardner Street
Boston, Massachusetts 02119

Demand for jury trial

```
            UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS
```

FILED
CLERK'S OFFICE
2006 JAN -5 P 2: 31
DISTRICT COURT
DISTRICT OF MASS.

SAMUEL JONES,                )
                             )   Civil Action No.
     Plaintiff               )   04-12652-DPW
                             )
     v.                      )
                             )
SHARON CREDIT UNION          )
                             )
     Defendant.              )

### RELEASE OF CLAIMS

This Release of Claims is made and entered into this __5__ day of January, 2006, by and between the Sharon Credit Union ("such bank") or ("banking institutions") and the shareholder ("Samuel Jones"). Pursuant to the Notice of Default Judgment entered by the United States District Court for the District of Massachusetts on __November 10__, 2005 in Samuel Jones v. Sharon Credit Union, Civil Action No. 04-12652-DPW, approving the __"Settlement"__ between the Parties dated __January 5__, 2006, and dismissing the Civil Action in its entirety on the merits, with prejudice. This Release of claim is only for Sharon Credit Union and that such bank will acknowledged that funds was set aside for Shareholder' daughter, Namely, Hillary A. Jones and two minor children.

In consideration of the payments and other benefits to Plaintiff, a Negro ("Class Member") individually, set forth in the ("Settlement Agreement") and Order dated September 15, 2005, and other valuable consideration, receipt of which is hereby acknowledged, and ("Consent Decree") by order of the United States District Court, together with each and all

1

of its past or present predecessors, successors, parents, affiliates, subsidiaries and assigns, and its respective past or present directors, officers, employees, agents, attorneys and representative, and anyone active in concert with any of them hereby fully, finally, unconditionally and irrevocably waive, release, remise, discharge and covenant not to sue the Sharon Credit Union or all of its past or present predecessors, successors, parents, affililates, subsidiaries and assigns, and their respective past or present directors, officers, employees, agents, attorneys and representatives, and anyone active in concert with any of them, from or any and all direct, indirect, representative individual and/or class claims, allegations, actions, rights, obligations, liabilities and cause of action of whatsoever kind or nature, arising up to and including which arise out or relate to the race discrimination claims or claim of retaliation, and claims for damages, back pay or other monetary relief or benefits, or for injunctive, declaratory, equitable, compensatory, punitive or any other relief for any such alleged unlawful discrimination or retaliation; and

any and all direct, representative, individual and class claims, allegations and causes of action for attorneys' fees and costs that the Named Plaintiff or the Class has made or could have made or could have made arising out of the claims in this Case or other Cases, as of Dated _____, 2006.

From or any and all direct, indirect, representative, individual and/or class claims, allegations, action, rights, obligations, liabilities, and cause of action of whatsoever kind or nature arising during the term of this Consent Decree, including any extension thereof, through or in any court proceeding or in any arbitration or other dispute resolution mechanism, which arise out or relate to any claim that actions taken by Sharon Credit Union or ("such bank") or respondents ("Releasees") in implementation of the terms of the Consent Decree violate the Constitution, any agreement or any obligation or statutory, regulatory, or common law, provided however, that the terms of this release shall not be interpreted to limit the plaintiff in seeking enforcement of the Consent Decree pursuant to the provisions (ommitted) or in seeking to have certain provisions of the Consent Decree incorporated into the ("Collectively" or "Jointly")' claims filed or pending Docketing in the United States Supreme Court.

RELEASOR

By: SAMUEL JONES

SSWORN TO BEFORE ME THIS 5th DAY OF JANUARY, 2006.

Notary Public
Matthew A. Paine

MATTHEW A. PAINE
Notary Public
Commonwealth of Massachusetts
My Commission Expires
April 25, 2008

3