UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| SAMUEL JONES, <br>     Plaintiff <br> v. <br>   <br> SHARON CREDIT UNION <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. 04-CV-12652-DPW |

**DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, FAILURE TO SERVE PROCESS, FAILURE TO STATE A CLAIM, OR IN THE <u>ALTERNATIVE TO REMOVE DEFAULT</u>**

    The Defendants, Sharon Credit Union, ("SCU"), James L. Carlson ("Carlson") and Christine Manning ("Manning" identified only as a bank manager in the Complaint), move pursuant to Fed. R. Civ. P. 12(b)(1) to dismiss the complaint for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b) (6) for failure to state a claim and Fed. R. Civ. P. 4(m), to dismiss for lack of service against Carlson and Manning. Alternatively, Defendants move pursuant to Fed. R. Civ. P. 55(c) for the Court to set aside an entry of default for good cause shown.

    As grounds therefore, Defendants state as follows:

    1.    The Complaint in this action was apparently filed on or about February 16, 2005. The pro se Plaintiff, Samuel Jones ("Jones") has filed a rambling complaint wherein he alleges only state claims against the various Defendants, although he only identified SCU in the caption of the Complaint, a violation of Fed. R. Civ. P. 10(a). The Complaint contains four counts. They are Count I-Violation of M.G.L. c. 93A (against SCU); Count II-Breach of Fiduciary Duty (against SCU and Carlson); Count III- Intentional Misrepresentation and Fraud-against SCU, Carlson and Manning); and Count IV-Negligence (against SCU, Carlson and Manning).

2.      On or about May 12, 2005, the U.S. Marshall's Office served one summons wherein the only named Defendant is SCU.  A copy of the summons is attached as **Exhibit "A"**.  The process receipt and return in the Court's file reflects that the summons was served on an individual named "Shelin Richards".  A copy of the Process Receipt And Return is attached as **Exhibit "B"**.  There is no indication that Carlson or Manning were served individually or that they ever received a summons that indicated that they were defendants in the action.

3.      By letter response dated May 20, 2005 ("Response Letter") and received by the Court on May 23, 2005, SCU provided the Court in letter form its acknowledgment of service of the Summons on May 12, 2005 and its denial of all allegations made in the Complaint and requested dismissal of the Complaint.  A copy of SCU's Response letter is attached hereto as **Exhibit "C"**.

4.      The substance of the Response Letter denies Jones's claims in their entirety and sets forth a complete denial and meritorious defenses to the substance of Jones's allegations.  Jones made periodic withdrawals in varying amounts from his account at SCU thereby reducing the balance to the current levels and SCU provided documentation of the account activity to Jones.  Moreover, Jones did not dispute account activity that was disclosed to him on his banking statements provided to him at the time.  Further, on May 11, 2001, SCU provided the plaintiff with documentation of his account activity.

5.      SCU provided the Response Letter to the Clerk Court without benefit of counsel and as such did not plead or otherwise defend in the proper form as required by the Federal Rules of Civil Procedure.  However, SCU did not ignore the substance of the Complaint and alerted Plaintiff and the Clerk's office that it denied the allegations.

6. On November 10, 2005, the deputy clerk issued a Notice of Default. The Court scheduled a status conference regarding SCU's default for June 27, 2006. SCU learned about the status conference on June 22, 2006 and immediately retained counsel to respond to the Complaint.

7. The Complaint should be dismissed because the federal district court does not have subject matter jurisdiction over the action. The Complaint fails to assert a federal question and only asserts as the basis for jurisdiction an assortment of Massachusetts statutory claims. As stated above, the four counts do not allege a federal question.

8. The Complaint should be dismissed against Carlson and Manning because Plaintiff failed to serve them pursuant to Fed. R. Civ. P. 4.

9. Count I of Plaintiff's Complaint, the Chapter 93A claim, should be dismissed for failing to serve a demand letter required by G.L. c. 93A, §2.

10. Count II of Plaintiff's Complaint, the breach of fiduciary duty claim, should be dismissed as a matter of law because neither SCU nor Carlson had a fiduciary duty on Jones's Trustee Account as Jones was the only trustee on the account and SCU was merely the depository for the funds.

11. Count III of Plaintiff's Complaint, the Intentional Misrepresentation and Fraud count, should be dismissed because it fails to plead with particularity the fraud as required by Fed. R. Civ. P. 9(b).

12. Count IV of Plaintiff's Complaint, the negligence count, should be dismissed pursuant to the economic loss doctrine which precludes a negligence action that alleged only monetary losses in the absence of physical harm or property damage.

13. If the Court does not dismiss the Complaint in its entirety for the reasons stated herein, SCU and Manning respectfully request an opportunity to file their Answer to the Complaint, a copy of which is submitted herewith.

In support of this Motion, SCU and Manning submit a Memorandum of Law and Affidavit of James L Carlson.

WHEREFORE, for the reasons stated herein, SCU and Manning request that the Court dismiss the Complaint in its entirety. Alternatively, SCU and Manning request that the Court remove the Default and allow them to file an Answer.

>Respectfully submitted,
>SHARON CREDIT UNION, JAMES L.
>CARLSON and CHRISTINE MANNING
>By their attorneys,
>
>_____/s/ Richard B. Michaud_____
>Richard B. Michaud, Esq. BBO#: 345000
>John B. Harkavy, Esq. BBO# 541900
>Bernkopf Goodman LLP
>125 Summer Street, 13th floor
>Boston, Massachusetts 02110
>Phone: (617) 790-3000
>Fax:    (617) 790-3300
>rmichaud@bg-llp.com
>jharkavy@bg-llp.com

Dated: June 26, 2006
#340997 v1/36759/1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the above document was served upon pro se Plaintiff Samuel Jones, 10 Gardner Street, Boston, MA 02119 on June 26, 2006 by hand.

/s/ John B. Harkavy

4

# EXHIBIT A

﹪AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____Massachusetts_____

Samuel Jones,
Plaintiff,

V.

Sharon Credit Union,
Defendant.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: C.A. No. 04-12652-DPW

TO: (Name and address of Defendant)

Sharon Credit Union

42 Pond Street
SHARON, MA 02067

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Samuel Jones, pro se

an answer to the complaint which is herewith served upon you, within _____twenty (20)_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Sarah Thornton _____   April 19, 2005
CLERK                                            DATE

_____
(By) DEPUTY CLERK

# EXHIBIT B

**U.S. Department of Justice**
**United States Marshals Service**

**PROCESS RECEIPT AND RETURN**
See Instructions for "Service of Process by the U.S. Marshal"
on the reverse of this form.

| | |
|---|---|
| PLAINTIFF: SAMUEL JONES | COURT CASE NUMBER: 04-12652-DPW |
| DEFENDANT: Sharon Credit Union | TYPE OF PROCESS: |

**SERVE** →
NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN: Sharon Credit Union President James Carlson

**AT**
ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code): 30 Pond Street & 42 Pond Street Sharon MA 02067

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

Number of process to be served with this Form - 285:
Number of parties to be served in this case:
Check for service on U.S.A.:

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):

CEO James L. Carlson
@ 42 Pond Street
Sharon, MA 02067
(781) 784-7725

Signature of Attorney or other Originator requesting service on behalf of: Samuel Jones
☒ PLAINTIFF  ☐ DEFENDANT
TELEPHONE NUMBER: (617) 442-8067
DATE: 05/02/05

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted) | Total Process: 1 | District of Origin No. 38 | District to Serve No. 38 | Signature of Authorized USMS Deputy or Clerk | Date: 5/2/05 |

I hereby certify and return that I ☒ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below)

Name and title of individual served (if not shown above): Shelia Richards

Address (complete only if different than shown above):

☐ A person of suitable age and discretion then residing in the defendant's usual place of abode.

Date of Service: 5/12/05   Time: 2:20 pm
Signature of U.S. Marshal or Deputy:

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |

REMARKS: 2 hrs

**PRIOR EDITIONS MAY BE USED**   **1. CLERK OF THE COURT**   FORM USM-285 (Rev. 12/15/80)

# EXHIBIT C




May 20, 2005

United States District Court
Sarah Thornton, Clerk of the Court
John Joseph Moakley Courthouse
1 Courthouse Way, Suite 2300
Boston, MA 02210

Dear Madam Clerk:

Sharon Credit Union acknowledges service of a Summons for Case Number C.A. No. 04-12652-DPN on May 12, 2005.

Sharon Credit Union denies all allegations made in the complaint. The Credit Union has previously provided written documentation to Mr. Samuel Jones both directly and through the Office of the Commissioner of Banks, Commonwealth of Massachusetts, concerning the disposition of his accounts.

As summarized in a letter dated March 4, 2002 from James L. Carlson, President of Sharon Credit Union to Office of the Commissioner of Banks, Mr. Jones did deposit monies at the Credit Union and did subsequently make periodic withdrawals of varying amounts thereby reducing the balances to their current levels. Documentation of the account activity was provided at that time. Mr. Jones received regular statements of his accounts from the time the account was opened and he never once disputed any account activity disclosed on those statements. Also, on May 11, 2001 Mr. Carlson provided Mr. Jones with documentation of his account activity which substantiated the account balances at that time. A copy of the cover letter for that communication is also attached.

With regard to the Trustee Account opened by Mr. Jones, Sharon Credit Union did not serve in any fiduciary capacity with regard to the Trust. The Credit Union was merely the depository for the funds. Mr. Jones was the Trustee and the only person authorized to transact on the account.

Sharon Credit Union respectfully requests the Court to dismiss this case in favor of Sharon Credit Union. Mr. Jones claims are without factual basis. Further, the

Sharon Credit Union - 30 Pond Street - Sharon, MA 02067
781-784-7725      FAX: 781-784-0509

United States District Court                                              Page 2
Case # 04-12652-DPN

Credit Union has provided Mr. Jones with sufficient documentation to refute both his prior claims and this complaint.

Respectfully yours,

Mark C. Emerson
Chief Operating Officer

Enclosures:   Letter dated March 4, 2002
              Letter dated May 11, 2001

Cc:   Mr. Samuel Jones
      P.O. Box 191714
      Boston, MA 02119



# SHARON
## CREDIT·UNION

March 4, 2002

The Commonwealth of Massachusetts
Office of the Commissioner of Banks
Consumer Assistance Unit
One South Station
Boston, MA 02110

RE:             Samuel Jones
Complaint ID:   103204

Dear Sir/Madam:

We have reviewed our files on the above referenced matter and have determined the following:

On May 20, 1996, Mr. Jones opened a primary share account (#16325618) with an initial deposit in the amount of $32,000. On June 1, 1996, a trustee account for Mr. Jones was opened naming Hillary Jones as the beneficiary and $25,301.00 was transferred into that account from the primary share account.

Our records indicate that Mr. Jones did open a trustee account with $25,301.00. That money was credited to the account as specified. However, Mr. Jones made transactions after the deposit was made depleting the funds in the account.

A detailed listing of transactions that reduced that account to its present balance is attached.

We received correspondence from Mr. Jones in May of 2001. At that time, his concerns were addressed and a detailed listing was sent to him showing the transactions that determined his current balances.

If you have any questions or require additional information, please do not hesitate to contact me.

Sincerely,

James L. Carlson
President



# SHARON
## CREDIT·UNION

May 11, 2001

Samuel Jones
P.O. Box 191714
Boston, MA 02119

RE:     Statements

Dear Mr. Jones:

Attached please find a copy of the statements you requested. These statements will detail the transactions that led to your current balance.

If after reviewing these statements you feel you need additional assistance, our research department will be happy to assist you. Our fees for our research department are $20.00/hr.

As always, it is a pleasure to serve our members.

Sincerely,


James Carlson
President