UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SAMUEL JONES,<br>    Plaintiff<br>v.<br><br>SHARON CREDIT UNION<br>    Defendant. | )<br>)<br>)<br>)  Civil Action No. 04-CV-12652-DPW<br>)<br>)<br>)<br>) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, FAILURE TO SERVE PROCESS, FAILURE TO STATE A CLAIM, OR IN THE ALTERNATIVE TO REMOVE DEFAULT**

## I.   INTRODUCTION

The pro se Plaintiff, Samuel Jones ("Jones"), has filed a rambling complaint wherein he alleges only state claims against the Defendants, Sharon Credit Union, ("SCU"), James L. Carlson ("Carlson") and Christine Manning ("Manning" identified only as a bank manager in the Complaint). SCU, Carlson and Manning move pursuant to Fed. R. Civ. P. 12(b)(1) to dismiss the complaint for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b)(6) for failure to state a claim and Fed. R. Civ. P. 4(m), to dismiss for lack of service against Carlson and Manning. Alternatively, Defendants move pursuant to Fed. R. Civ. P. 55(c) for the Court to set aside an entry of default for good cause shown.

The Complaint contains four counts. They are Count I-Violation of M.G.L. c. 93A (against SCU); Count II-Breach of Fiduciary Duty (against SCU and Carlson); Count III-Intentional Misrepresentation and Fraud-against SCU, Carlson and Manning); and Count IV-Negligence (against SCU, Carlson and Manning).

## II. ARGUMENT

### A. The Complaint Must Be Dismissed For Lack Of Subject Matter Jurisdiction.

It is axiomatic that in order for the federal district court to hear this case, there must be subject matter jurisdiction.

> Federal courts have "limited jurisdiction"; they are empowered only to hear those cases that fall within Article III of the Constitution or an explicit grant of jurisdiction by Congress thereunder… If challenged, federal jurisdiction is presumed to be lacking until established otherwise…. Once a defendant moves pursuant to Rule 12(b)(1) for an action to be dismissed for want of subject matter jurisdiction, the plaintiff shoulders the burden of proof in demonstrating the existence of such jurisdiction… When considering a motion to dismiss for lack of subject matter jurisdiction, the court "must construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in favor of the plaintiff."… When considering the allegations of a *pro se* plaintiff, a less stringent standard is to be applied than for pleadings drafted by counsel…This relaxed standard, however, neither requires the court to "conjure up unpled allegations" in a *pro se* complaint, … nor relieves the *pro se* plaintiff of his obligation to prove a jurisdictional basis for his lawsuit by mustering more than "unsupported conclusions or interpretations of law."… Dismissal is called for when it appears "the court lacks jurisdiction over the claims or the parties."

*Cummings v. Pearson Education, Inc.*, 2004 WL 2830702 *1, (D.Mass.2004).(internal citations omitted).

Jones' Complaint fails to allege a federal question and thus, he cannot carry the burden of proving the existence of subject matter jurisdiction. The Complaint liberally construed alleges that the Defendants misled him about the terms of a trust account. The "Jurisdiction" section of the Complaint, Paragraph 7, lists various Massachusetts statutes, however, none of the listed statutes provide a federal question appropriate for determination in a federal district court.

Moreover, Jones is a citizen of Massachusetts as are the Defendants, therefore there is no diversity jurisdiction which would serve as a basis for federal jurisdiction. 28 U.SC.A. § 1332. Additionally, that statute would not apply as the amount in controversy is only $25,000.00.

### B. The Complaint Should Be Dismissed Against Carlson And Manning Because Plaintiff Failed To Serve Them Pursuant To Fed. R. Civ. P. 4(m).

Fed. R. Civ. P. 4(m) requires that a summons and complaint be served on a defendant within 120 days after filing of the complaint. Jones has failed to comply with this requirement by not serving Carlson or Manning with a summons that indicates that they are a defendant as required by Fed. R. Civ. P. 4(a) and (b). Therefore, the Complaint must be dismissed against Carlson and Manning.

### C. Jones Failure To Serve SCU With A Thirty-Day Demand Letter Requires Dismissal Of The 93A Count.

In order to bring a claim for violation of G.L. c. 93A, § 9, Jones must have filed a thirty-day demand letter. The demand letter is a jurisdictional prerequisite. See *Thorpe v. Mutual of Omaha Ins. Co.*, 984 F.2d 541, 544 (1st Cir. 1993)*, Spring v. Geriatric Auth.*, 394 Mass. 274, 287 (1985). It is undisputed that Jones did not send a thirty-day demand letter, thus Count I of Jones's Complaint must be dismissed.

### D. Neither SCU Nor Carlson Were Trustees Of Jones' Accounts.

Count II of Plaintiff's Complaint, the breach of fiduciary duty claim, should be dismissed as a matter of law because neither SCU nor Carlson had a fiduciary duty on Jones's Trustee Account as Jones was the only trustee on the account and SCU was merely the depository for the funds. The Complaint fails to assert that SCU and Carlson were trustees. Paragraph 25 of the Complaint states: "To the extent, <u>if any, that [SCU] and/or Carlson acted or purported to act as a</u>

<u>director or trustee</u>…the officers of such bank for trust-account breached their fiduciary duty to the shareholders in that transaction…."

The Affidavit of Carlson makes it clear that SCU was the depository of the funds and did not direct or control the use of the funds. Therefore, Count II fails to state a claim and must be dismissed.

  E. **Jones Did Not Plead Fraud With Particularity.**

Count III of Plaintiff's Complaint, the Intentional Misrepresentation and Fraud count, should be dismissed because it fails to plead with particularity the fraud as required by Fed. R. Civ. P. 9(b). "For claims sounding in fraud, Rule 9(b) requires that the 'particular times, dates, places or other details of [the] alleged fraudulent involvement of the actors be alleged.'" *Swartz v. Schering-Plough Corp.*, 53 F. Supp. 2d 95, 104 (D.Mass.1999), quoting *Serabian v. Amoskeag Bank Shares, Inc.*, 24 F.3d 357, 361 (1st Cir.1944).

Jones's Complaint only states that Carlson and Manning "made one or more misrepresentations of fact and/or failed to make accurate representations of act and/or failed to provide material information about the transactions as set forth more fully above." The Complaint fails to identify the times, dates, places or details of the fraudulent acts by any of the Defendants. Thus, Count III must be dismissed.

  F. **Absent Personal Injury Or Property Damage, The Economic Loss Doctrine Prohibits Recovery Of Economic Damages.**

Count IV alleges "negligence" against the Defendants. Under the economic loss doctrine, a plaintiff may not seek to redress economic loss absent physical injury or property damage. *W.R. Construction & Consulting, Inc. v. Jeld-Wen, Inc.*, 2002 WL 31194870 *8; *Swartz v. Schering-Plough Corp.*, 53 F. Supp. 2d at 104. Jones has not plead a physical injury or property damage, thus, Count IV must be dismissed.

4

**G.     If This Court Denies The Defendants' Motion To Dismiss, It Should Allow Defendants Motion To File An Answer And Remove The Default.**

The standard for removal of default is outlined as follows. Fed. R. Civ. P. 55(c) provides that the Court, "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."

In order to grant relief from a default, the courts will consider whether the defendant has a meritorious defense, the timing of the motion for relief and the level of prejudice that may occur to the non-defaulting party if relief is granted. 10A Wright, Miller & Kane, Federal Practice and Procedure, at § 2694, at 494 (footnotes omitted). See also *Id.* at Section 2696, at 518-519.

In this case, a default judgment should not enter for numerous reasons. Since there is no subject matter jurisdiction, a default judgment should not enter and the case should be dismissed. *Carnigan v. U.S.*, 48 F.R.D. 323, 328 (D.C.Mass.1969); *Patray v. Northwest Pub.*, 931 F.Supp. 865, 869 (D.C.Ga.1996); Wright, Miller & Kane, at §2682.

SCU filed a letter response with both the Plaintiff and the clerk's office. Although the letter was deficient as a pleading, courts have accepted letters from defendants and allowed a motion for relief. See *Kinnear Corp. v. Crawford Door Sales Co.*, 49 F.R.D. 3 (D.C.S.C.1970); *Dalminter, Inc. v. Jessie Edwards, Inc.*, 27 F.R.D. 491 (D.C.Tex.1961).

Upon realizing its error when it received notice of a status conference on June 22, 2006, SCU immediately contacted counsel to properly represent it in this case. The Defendants have a meritorious defense as outlined above, they acted promptly upon realizing their procedural error, and Plaintiff has not suffered any prejudice. For these reasons, the Court should remove the default and allow the case to proceed.

### III.    CONCLUSION

For the reasons stated above, the Defendants request that the Court dismiss the Complaint, alternatively, Defendants request that the Court remove the default and accept the Answer submitted herewith.

> Respectfully submitted,
> SHARON CREDIT UNION, JAMES L. CARLSON and CHRISTINE MANNING,
> By their attorneys,
>
> /s/ John B. Harkavy
> Richard B. Michaud, Esq. BBO#: 345000
> John B. Harkavy, Esq. BBO#: 541900
> Bernkopf Goodman LLP
> 125 Summer Street, 13th floor
> Boston, Massachusetts 02110
> Phone: (617) 790-3000
> Fax:    (617) 790-3300
> rmichaud@bg-llp.com
> jharkavy@bg-llp.com

Dated:  June 26, 2006
#341032 v1/36759/1

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the above document was served upon pro se Plaintiff Samuel Jones, 10 Gardner Street, Boston, MA 02119 on June 26, 2006 by hand.

/s/ John B. Harkavy