UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SAMUEL JONES,<br>　　　Plaintiff<br>v.<br><br>SHARON CREDIT UNION<br>　　　Defendant. | )<br>)<br>)<br>)　Civil Action No. 04-CV-12652-DPW<br>)<br>)<br>)<br>) |

## ANSWER TO COMPLAINT

### I.    INTRODUCTION

The Defendants Sharon Credit Union, James L. Carlson and Christine Manning (collectively, the "Defendants") respond to the allegations to the Complaint as follows:

1.　No answer is required of the Defendants as Paragraph 1 states conclusions of law. To the extent that Paragraph 1 alleges any facts, they are denied.

2.　The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2.

3.　Denied.

4.　Denied.

5.　Denied

6.　Denied.

7.　No answer is required of the Defendants as Paragraph 7 of the Complaint as it states conclusions of law.

8.　The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9.　Admit.

10. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11. There is no paragraph 11.

12. The Defendants admit that on May 11, 2001 James Carlson sent a letter to Samuel Jones the contents of which speak for themselves. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12.

13. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

14. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

15. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

## COUNT I
### Violation of M.G.L. c. 93A

16. The Defendants incorporate by reference their responses to Paragraphs 1-15 as if set forth herein.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

## COUNT II
### Breach of Fiduciary Duty

24. The Defendants incorporate by reference their responses to Paragraphs 1-23 as if set forth herein.

25. Denied.

26. Denied.

## COUNT III
### Intentional Misrepresentation of Fraud

27. The Defendants incorporate by reference their responses to Paragraphs 1-26 as if set forth herein.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

## COUNT IV
### Negligence

34. The Defendants incorporate by reference their responses to Paragraphs 1-33 as if set forth herein.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

And further answering, the Defendants state that the Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

And further answering, the Defendants state that the Plaintiff's Complaint is barred by the applicable Statute of Limitations.

### THIRD AFFIRMATIVE DEFENSE

And further answering, the Defendants state that Plaintiff's Complaint should be dismissed for failure to make service.

### FOURTH AFFIRMATIVE DEFENSE

And further answering, the Defendants state that Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction.

### FIFTH AFFIRMATIVE DEFENSE

And further answering, the Defendants state that the Defendants did not owe a duty to the Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

And further answering, the Defendants state that Plaintiff's alleged damages were caused in whole or in part by the conduct of one or more persons over whom the Defendants exercise no control and for whom the Defendants are not legally responsible.

### SEVENTH AFFIRMATIVE DEFENSE

And further answering the Plaintiff's claim are barred by the economic loss doctrine.

## **EIGHTH AFFIRMATIVE DEFENSE**

And further answering the Plaintiff's claims are barred by the failure to deliver a demand letter at least 30 days before filing suit.

WHEREFORE, the Defendants pray for judgment as follows:

1. Dismissing all counts of the Complaint;

2. For their costs and attorneys' fees; and

3. For such other relief as the Court seems just and proper.

>
> Respectfully submitted,
> Defendant
> SHARON CREDIT UNION,
> JAMES L. CARLSON and CHRISTINE MANNING
> By their attorney,
>
> /s/ John B. Harkavy
> Richard B. Michaud, Esq. BBO#: 345000
> John B. Harkavy, Esq. BBO #541900
> Bernkopf Goodman LLP
> 125 Summer Street, 13th floor
> Boston, Massachusetts 02110
> Phone: (617) 790-3000
> Fax:   (617) 790-3300
> rmichaud@bg-llp.com
> jharkavy@bg-llp.com

Dated: June 26, 2006
#341037 v1/36759/1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the above document was served upon pro se Plaintiff Samuel Jones, 10 Gardner Street, Boston, MA 02119 on June 26, 2006 by hand.

/s/ John B. Harkavy