UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAMUEL JONES,<br>    Plaintiff<br>v.<br><br>SHARON CREDIT UNION<br>    Defendant. | )<br>)<br>)<br>) Civil Action No. 04-CV-12652-DPW<br>)<br>)<br>)<br>) |

## **AFFIDAVIT JAMES L. CARLSON**

I, James L. Carlson, do hereby depose and state as follows:

1. I am the President of Sharon Credit Union ("SCU") located at 30 Pond Street, Sharon, Massachusetts. I have been the President for the past six years and have been a corporate officer of the SCU for the past 19 years.

2. During that time, to my knowledge, SCU has never been a defendant in any federal lawsuit or any other lawsuit except a state court action that was handled by outside counsel in the late 1980s.

3. I am familiar with the underlying facts alleged in the Complaint by Samuel Jones ("Jones") and have previously personally responded to Mr. Jones' inquiries.

4. At the time the Complaint was served upon SCU, I reviewed the Complaint and directed our Chief Operating Officer, Mark Emerson, to file a timely written response to the United States District Court Clerk's Office. A copy of the May 20, 2005 Response is attached hereto as **Exhibit "A"**. It was my understanding, albeit an incorrect one, that the letter response was an appropriate means of responding to the Complaint filed by Mr. Jones. I now realize that SCU's letter response did not comply with the Federal Rules of Civil Procedure. As a result, a default entered against SCU. SCU did not realize that the default had been entered until June 19,

2006 based on a telephone called from Mr. Jones. SCU immediately retained counsel on June 22, 2006. SCU acknowledges that a default notice from the Court was in its files but believed that it was merely one of many documents mailed to it by Jones and did not realize its legal significance.

5. It was not my intent to violate the Federal Rules of Civil Procedure. Having recently learned of my mistake, on behalf of SCU, I respectfully request the opportunity to have our counsel file a responsive pleading to the Complaint, to assert a defense of lack of subject matter jurisdiction, failure to state a claim and the opportunity to present SCU's other meritorious defenses to the unfounded allegations asserted by Mr. Jones. A copy of Defendants' Motion to Dismiss For Lack of Subject Matter Jurisdiction, Failure to Serve Process, Failure to State a Claim, or in the Alternative to Remove Default is attached hereto as **Exhibit "B"**.

6. SCU, Ms. Manning and I have meritorious defenses to Plaintiffs' Complaint. Mr. Jones essentially asserts that SCU misappropriated approximately $25,000.00 of his funds that were deposited in SCU accounts. SCU denies any wrongdoing whatsoever in response to his allegations as set forth in SCU's letter response to the Court Clerk. SCU is a non-profit credit union that is regulated by the Division of Banks in the Commonwealth of Massachusetts. SCU is examined every 18 months for financial safety and soundness by the Division of Banks. SCU is also audited annually independent outside auditor and is audited internally to ensure that it is operating properly and that the funds of its depositors are protected and properly accounted for. SCU properly manages the funds entrusted to it and has done so with respect to the former funds of Mr. Jones.

7. SCU asserts that Mr. Jones' claims are based on state statutes and common law and that the claims asserted by Mr. Jones do not raise a federal question as set forth in SCU's

2

Motion. Moreover, although the Complaint in its caption only names SCU as the sole defendant, the text of the Complaint asserts claims against Ms. Manning and myself. However, no summons was ever issued or served on me personally or upon Ms. Manning.

Signed under the pains and penalties of perjury this 26 day of June, 2006.

James L. Carlson, President

#341031 v1/36759/1

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) on Sam Jones by hand.

3

# EXHIBIT A




May 20, 2005

United States District Court
Sarah Thornton, Clerk of the Court
John Joseph Moakley Courthouse
1 Courthouse Way, Suite 2300
Boston, MA 02210

Dear Madam Clerk:

Sharon Credit Union acknowledges service of a Summons for Case Number C.A. No. 04-12652-DPN on May 12, 2005.

Sharon Credit Union denies all allegations made in the complaint. The Credit Union has previously provided written documentation to Mr. Samuel Jones both directly and through the Office of the Commissioner of Banks, Commonwealth of Massachusetts, concerning the disposition of his accounts.

As summarized in a letter dated March 4, 2002 from James L. Carlson, President of Sharon Credit Union to Office of the Commissioner of Banks, Mr. Jones did deposit monies at the Credit Union and did subsequently make periodic withdrawals of varying amounts thereby reducing the balances to their current levels. Documentation of the account activity was provided at that time. Mr. Jones received regular statements of his accounts from the time the account was opened and he never once disputed any account activity disclosed on those statements. Also, on May 11, 2001 Mr. Carlson provided Mr. Jones with documentation of his account activity which substantiated the account balances at that time. A copy of the cover letter for that communication is also attached.

With regard to the Trustee Account opened by Mr. Jones, Sharon Credit Union did not serve in any fiduciary capacity with regard to the Trust. The Credit Union was merely the depository for the funds. Mr. Jones was the Trustee and the only person authorized to transact on the account.

Sharon Credit Union respectfully requests the Court to dismiss this case in favor of Sharon Credit Union. Mr. Jones claims are without factual basis. Further, the

United States District Court                                                            Page 2
Case # 04-12652-DPN

Credit Union has provided Mr. Jones with sufficient documentation to refute both his prior claims and this complaint.

Respectfully yours,

*[signature]*

Mark C. Emerson
Chief Operating Officer

Enclosures:   Letter dated March 4, 2002
              Letter dated May 11, 2001

Cc:    Mr. Samuel Jones
       P.O. Box 191714
       Boston, MA 02119



# SHARON
## CREDIT·UNION

March 4, 2002

The Commonwealth of Massachusetts
Office of the Commissioner of Banks
Consumer Assistance Unit
One South Station
Boston, MA 02110

RE:            Samuel Jones
Complaint ID:  103204

Dear Sir/Madam:

We have reviewed our files on the above referenced matter and have determined the following:

On May 20, 1996, Mr. Jones opened a primary share account (#16325618) with an initial deposit in the amount of $32,000. On June 1, 1996, a trustee account for Mr. Jones was opened naming Hillary Jones as the beneficiary and $25,301.00 was transferred into that account from the primary share account.

Our records indicate that Mr. Jones did open a trustee account with $25,301.00. That money was credited to the account as specified. However, Mr. Jones made transactions after the deposit was made depleting the funds in the account.

A detailed listing of transactions that reduced that account to its present balance is attached.

We received correspondence from Mr. Jones in May of 2001. At that time, his concerns were addressed and a detailed listing was sent to him showing the transactions that determined his current balances.

If you have any questions or require additional information, please do not hesitate to contact me.

Sincerely,

James L. Carlson
President



# SHARON
## CREDIT·UNION

May 11, 2001

Samuel Jones
P.O. Box 191714
Boston, MA 02119

RE:  Statements

Dear Mr. Jones:

Attached please find a copy of the statements you requested. These statements will detail the transactions that led to your current balance.

If after reviewing these statements you feel you need additional assistance, our research department will be happy to assist you. Our fees for our research department are $20.00/hr.

As always, it is a pleasure to serve our members.

Sincerely,


James Carlson
President

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAMUEL JONES,<br>  Plaintiff<br>v.<br><br>SHARON CREDIT UNION<br>  Defendant. | )<br>)<br>)<br>) Civil Action No. 04-CV-12652-DPW<br>)<br>)<br>)<br>) |

**DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, FAILURE TO SERVE PROCESS, FAILURE TO STATE A CLAIM, OR IN THE ALTERNATIVE TO REMOVE DEFAULT**

The Defendants, Sharon Credit Union, ("SCU"), James L. Carlson ("Carlson") and Christine Manning ("Manning" identified only as a bank manager in the Complaint), move pursuant to Fed. R. Civ. P. 12(b)(1) to dismiss the complaint for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b) (6) for failure to state a claim and Fed. R. Civ. P. 4(m), to dismiss for lack of service against Carlson and Manning.  Alternatively, Defendants move pursuant to Fed. R. Civ. P. 55(c) for the Court to set aside an entry of default for good cause shown.

As grounds therefore, Defendants state as follows:

1. The Complaint in this action was apparently filed on or about February 16, 2005. The pro se Plaintiff, Samuel Jones ("Jones") has filed a rambling complaint wherein he alleges only state claims against the various Defendants, although he only identified SCU in the caption of the Complaint, a violation of Fed. R. Civ. P. 10(a).  The Complaint contains four counts. They are Count I-Violation of M.G.L. c. 93A (against SCU); Count II-Breach of Fiduciary Duty (against SCU and Carlson); Count III- Intentional Misrepresentation and Fraud-against SCU, Carlson and Manning);  and Count IV-Negligence (against SCU, Carlson and Manning).

2.      On or about May 12, 2005, the U.S. Marshall's Office served one summons wherein the only named Defendant is SCU.  A copy of the summons is attached as **Exhibit "A"**.  The process receipt and return in the Court's file reflects that the summons was served on an individual named "Shelin Richards".  A copy of the Process Receipt And Return is attached as **Exhibit "B"**.  There is no indication that Carlson or Manning were served individually or that they ever received a summons that indicated that they were defendants in the action.

3.      By letter response dated May 20, 2005 ("Response Letter") and received by the Court on May 23, 2005, SCU provided the Court in letter form its acknowledgment of service of the Summons on May 12, 2005 and its denial of all allegations made in the Complaint and requested dismissal of the Complaint.  A copy of SCU's Response letter is attached hereto as **Exhibit "C"**.

4.      The substance of the Response Letter denies Jones's claims in their entirety and sets forth a complete denial and meritorious defenses to the substance of Jones's allegations. Jones made periodic withdrawals in varying amounts from his account at SCU thereby reducing the balance to the current levels and SCU provided documentation of the account activity to Jones.  Moreover, Jones did not dispute account activity that was disclosed to him on his banking statements provided to him at the time.  Further, on May 11, 2001, SCU provided the plaintiff with documentation of his account activity.

5.      SCU provided the Response Letter to the Clerk Court without benefit of counsel and as such did not  plead or otherwise defend in the proper form as required by the Federal Rules of Civil Procedure.  However, SCU did not ignore the substance of the Complaint and alerted Plaintiff and the Clerk's office that it denied the allegations.

6. On November 10, 2005, the deputy clerk issued a Notice of Default. The Court scheduled a status conference regarding SCU's default for June 27, 2006. SCU learned about the status conference on June 22, 2006 and immediately retained counsel to respond to the Complaint.

7. The Complaint should be dismissed because the federal district court does not have subject matter jurisdiction over the action. The Complaint fails to assert a federal question and only asserts as the basis for jurisdiction an assortment of Massachusetts statutory claims. As stated above, the four counts do not allege a federal question.

8. The Complaint should be dismissed against Carlson and Manning because Plaintiff failed to serve them pursuant to Fed. R. Civ. P. 4.

9. Count I of Plaintiff's Complaint, the Chapter 93A claim, should be dismissed for failing to serve a demand letter required by G.L. c. 93A, §2.

10. Count II of Plaintiff's Complaint, the breach of fiduciary duty claim, should be dismissed as a matter of law because neither SCU nor Carlson had a fiduciary duty on Jones's Trustee Account as Jones was the only trustee on the account and SCU was merely the depository for the funds.

11. Count III of Plaintiff's Complaint, the Intentional Misrepresentation and Fraud count, should be dismissed because it fails to plead with particularity the fraud as required by Fed. R. Civ. P. 9(b).

12. Count IV of Plaintiff's Complaint, the negligence count, should be dismissed pursuant to the economic loss doctrine which precludes a negligence action that alleged only monetary losses in the absence of physical harm or property damage.

13. If the Court does not dismiss the Complaint in its entirety for the reasons stated herein, SCU and Manning respectfully request an opportunity to file their Answer to the Complaint, a copy of which is submitted herewith.

In support of this Motion, SCU and Manning submit a Memorandum of Law and Affidavit of James L Carlson.

WHEREFORE, for the reasons stated herein, SCU and Manning request that the Court dismiss the Complaint in its entirety. Alternatively, SCU and Manning request that the Court remove the Default and allow them to file an Answer.

Respectfully submitted,
SHARON CREDIT UNION, JAMES L.
CARLSON and CHRISTINE MANNING
By their attorneys,


_____/s/ Richard B. Michaud_____
Richard B. Michaud, Esq. BBO#: 345000
John B. Harkavy, Esq. BBO# 541900
Bernkopf Goodman LLP
125 Summer Street, 13th floor
Boston, Massachusetts 02110
Phone: (617) 790-3000
Fax:    (617) 790-3300
rmichaud@bg-llp.com
jharkavy@bg-llp.com

Dated: June 26, 2006
#340997 v1/36759/1

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the above document
was served upon pro se Plaintiff Samuel Jones, 10 Gardner Street, Boston,
MA 02119 on June 26, 2006 by hand.

/s/ John B. Harkavy

4