UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAMUEL JONES,<br>      Plaintiff<br><br>v.<br><br>SHARON CREDIT UNION<br>      Defendant | ) Civil Action NO.04-CV-12652-DPW<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

PLAINTIFF'S MOTION TO GRANT JURISDICTION
OF SUBJECT MATTER OF CONSTITUTIONAL
CLAIMS AND ALLOW THE DEFAULT JUDGMENT
STAND

The Plaintiff, Samuel Jones, ("Jones") move pursuant to Fed. R. Civ. P. 12(a)(2) to grant the complaint for

Alternatively, Plaintiff moves pursuant to Fed. R. Civ. for the Court to let stand an entry of default for good cause shown.

As grounds therefore, Plaintiff states as follows:

1. The Complaint in this action was filed on February 16, 2005. Plaintiff, Samuel Jones complaint sets forth a case arising under the Constitution, and the subject matter is within the federal judicial power of Congress to assign to the jurisdiction of the District Courts. Congress has exercised that power in 28 U.S.C. & 1343 (3), 28 U.S.C.A. & 1343(3):

> "The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person * * * [t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States ..."

2. The Defendant James L. Carlson was properly served summons and complaint as directed by Plaintiff Samuel Jones and that Summons returned executed Sharon Credit Union on May 12, 2005. The Sharon Credit Union acknowledges service on May 12, 2005 to the Court by Mark C. Emerson, Chief Operating Officer. A copy of the letter is attached as Exhibit A. Exhibits A,B, and C submitted by Defendants in part insufficient. Moreover, Plaintiff instructed U.S. Marshall to serve Carlson individually, at 30 Pond Street and 42 Pond Street. It was at 30 Pond Street, Sharon, Massachusetts where the accounts were opened. Ms. Manning is an employee of the bank.

3. On May 11, 2001 Mr. Carlson did not provided Mr.Jones with documentation of his trust account nor statements that the funds set aside had been depleted by Jones. Exhibit C by the Defendant Sharon Credit Union is not fully answer thereby should be striken from the record. The Default Judgment must stand.

4. The substance of the Defendant' Response Letter can not stand and dismissal of Default Judgment in its entirety will further harm the Plaintiffs. Mr. Carlson knew that Mr. Jones bank pass-book and other property was seized on June 9, 2000 while he was at 289 East Eight Street, South Boston. Moreover, Mr. Jones became homeless and entered the New England Shelter for veterans at 17 Court Street, Boston, Massachusetts. The Defendant Carlson asked Mr. Jones to provided his bank book which had indicated that he had deposited a cashier check in the amount of $38,000.

In support of this Motion, Plaintiff Jones submit a Memorandum of Law and Affidavit of Samuel Jones.

WHEREFORE, for the reasons stated herein, Plaintiff request that the Court grant the Complaint in its entirety. Alternatively, Jones request that the Court not remove the Default and not allow Defendants to file an Answer.

> Respectfully submitted,
>
> *Samuel Jones* (signature)
> Samuel Jones, pro se
> 10 Gardner Street
> Boston, Massachusetts 02119
> (617) 792-0986

Dated: August 18, 2006

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the above document was served upon Mark Emerson at 30 Pond Street, Sharon, MA and Counsel Richard B. Michaud, at 125 Summer Street, Boston, MA 02110 by certified mail or by hand on August 24, 2006.

4