POST OFFICE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SAMUEL JONES                        ) Civil Action No.04-CV-12652-DPW
       Plaintiff DISTRICT OF MASS.  )
                                    )
                                    )
v.                                  )
                                    )
SHARON CREDIT UNION                 )
     Defendant                      )
_____ )

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF MOTION
## TO GRANT DEFAULT FOR FEDERAL CONSTITUTIONAL CLAIMS

### I.   INTRODUCTION

The Defendant, James L. Carlson (ⁱᵗCarlsonⁱᵗ), upon application
of the Plaintiff Samuel Jones (ⁱᵗJonesⁱᵗ) for an Order of Default
for failure of the Defendant Sharon Credit Union to plead or
otherwise defend as provided by Rule 55(a) of the Federal Rules
of Civil Procedure. Notice of Default was given by Clerk that
the Defendant has been defaulted November 10, 2005.

### II.   ARGUMENT

A.

The Complaint sets forth a case arising under the
Constitution, the subject matter is within the federal
jurisdiction power defined in Article III, & 2, and so within
the power of Congress to assign to the jurisdiction of the
District Courts. Congress has exercised that power in 28 U.S.C.
& 1343 (3), 28 U.S. C.A. & 1343 (3):

ᶦᵖ The district courts shall have original jurisdiction
of any civil action authorized by law to be commenced
by any person ......[t]o redress the deprivation, under
color of any State law, statute, ordinance, regulation,
custom or usage, of any right, privilege or immunity
secured by the Constitution of the United States..... ᶦᵖ

In the contest of ᶦᵖeconomic interestsᶦᵖ, the Court found

that discriminatory state action is almost always sustained,

for such interests are generally far removed from constitutional

guarantees. For example, the Supreme Judicial Court ruled in

1997 that employers found to have violated anti-discrimination

laws are entitled to a jury trial. The State law reversed that

finding in its later ruling. This law shields citizen from having

to defend their cash awards in ᶦᵖpotentially expensiveᶦᵖ jury

trials. For example, the MBTA former employee Geraldine Ross

won $131,000 in a disability claim against the Massachusetts

Bay Transportation Authority. As of this date, both Ms. Ross

and Mr.Jones has not received their cash awards despite the

favorable rulings of Social Security Administration (SSA),etc.

and Massachusetts Commissioner Against Discrimination (MCAD).

To force plaintiffs (ᶦᵖNegroesᶦᵖ) into court really undermines

the enforcement of civil rights laws.

Moreover, Mr. Jones is a Negro citizen of the United States

and has same privilege as those of the Defendants (ᶦᵖwhiteᶦᵖ)

citizen, therefore, there is subject matter jurisdiction which

would serve as a basis for federal jurisdiction.

Additionally, that statute would apply as the amount in
                    1
controversy is $25,000,000 ($25 Millions).

2

B. The Default judgment Should Stand Against Only Carlson Eecause Defendant Was Proper Served Pursuart To Fed. R. Civ. P. 4( ).

Fed. R. Civ. P. 4(e) requires ~~that~~ ( O miHed )

Therefore, the Default Judgment must be granted against Carlson.

C. Carlson Failure To Fully Answer And The Conduct Of Sharon Credit Union Was Willful And Knowing Within The Meaning of the Massachusetts Consumer Act Protection Act, M.G.L. c. 93A, & 9.

General Laws c. 93(A), & 2(a), prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." It requires Carlson to act "in a business context." Peabody N.E., Inc., v. Marshfield, 426 Mass. 436,439, 689, N.E. 2d 774 (1998) It is undisputed that Carlson has not provided Jones and the Court with documents of trust-account statement for period May 1996 through June 9, 2000, thus Count 1 of Jones's Complaint must be granted.

Upon the application of Default, the Defendants's Answer must be striken in its entirety as deem proper by the Court. All four counts against the Sharon Credit Union must stand. Plaintiff ask that the Court awards damages in the amount of $75,000.

3.

III.   CONCLUSION

For the reasons stated above, the Plaintiff requests
that the Court grant the Motion for Default Judgment and not
accept the Answer filed by Defendant on June 27, 2006.

Respectfully submitted,

Samuel Jones, pro se
10 Gardner Street
Boston, Massachusetts 02119
(617) 792-0986

Dated: August 26, 2006

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true
copy of the above document was served upon
Defendant James L. Carlson'Counsel Richard
B. Michaud, at 125 Summer Street, Boston,
MA 02110 by certified mail or BY-HAND  on
August 26, 2006.

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SAMUEL JONES,                    ) Civil Action No.04-CV-12652-DPW
        Plaintiff               )
                                )
v.                              )
                                )
SHARON CREDIT UNION             )
        Defendant               )
_____)

DOCUMENTS IN SUPPORT OF ENTERED OF
OF DEFAULT JUDGMENT AGAINST SCU.

[ EXHIBITS A )

Dated: August 26, 2006       BY: Samuel Jones, Pro Se

## United States District Court

## District of Massachusetts

Notice of Electronic Filing

The following transaction was received from Rynne, Michelle entered on 6/12/2006 at 3:22 PM EDT and filed on 6/12/2006

Case Name:     **Jones v. Sharon Credit Union**
Case Number:   **1:04-cv-12652**
Filer:
Document Number:

Docket Text:

# ELECTRONIC NOTICE of Hearing : Status Conference regarding DEFAULT set for 6/27/2006 02:30 PM in Courtroom 1 before Judge Douglas P. Woodlock. (Rynne, Michelle)

The following document(s) are associated with this transaction:

1:04-cv-12652 Notice will be electronically mailed to:

1:04-cv-12652 Notice will not be electronically mailed to:

Samuel Jones
P.O. Box 191714
Boston, MA 02119

Sharon Credit Union
c/o Mark Emerson
30 Pond Street
Sharon, MA 02067

United States District Court

District of Massachusetts

Notice of Electronic Filing

The following transaction was received from Rynne, Michelle entered on 11/10/2005 at 2:37 PM EST and filed on 11/10/2005
Case Name:      Jones v. Sharon Credit Union
Case Number:    1:04-cv-12652
Filer:    Sharon Credit Union
Document Number:      11

Docket Text:
NOTICE: Clerk's ENTRY OF DEFAULT as to Sharon Credit Union. (Rynne, Michelle)

The following document(s) are associated with this transaction:
Document description:Main Document
Original filename:yes
Electronic document Stamp:
[STAMP dcecfStamp_ID=1029851931 [Date=11/10/2005] [FileNumber=1197874-
0] [3d2bffcdd1db5948e166b65f887229a3bf60d06ae639727fa29e4da93f703047ba
ae9190abb6289527a6dea23df3f4346f4e8881e675e717f82d2d40ef214838]]

1:04-cv-12652 Notice will be electronically mailed to:

1:04-cv-12652 Notice will not be electronically mailed to:

Samuel Jones
P.O. Box 191714
Boston, MA 02119



**Sharon Credit Union**
42 Pond Street
Sharon, Massachusetts 02067
(781) 784-7725

| ACCOUNT NUMBER | PAGE |
|---|---|
| 16325618 | 1 of 2 |

| 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 | 10-01-00 | 12-31-00 |
|---|---|---|
| SOCIAL SECURITY NO. | FROM | TO |
| | | STATEMENT PERIOD |



12647

SAMUEL JONES
PO BOX 191714
BOSTON MA 02119-0032

Please note

**Important Tax Information**
This statement contains your 1099 and/or 1098 form per IRS requirements. If you earned less than $10.00 in dividends, no 1099 will be produced and your dividends will not be reported to the IRS.

## Savings 1   PRIMARY SAVINGS

| Eff date | Post | Transaction Description | Withdrawal | Deposit | Balance |
|---|---|---|---|---|---|
| 11-30-00 | | Previous Balance | | | 26.20 |
| 12-01-00 | | ACH Deposit | | 1127.00 | 1153.20 |
| | | US TREASURY 303(3031036030)-SOC SEC | | | |
| 11-30-00 | 1201 | Overdraft Transfer Withdrawal | 137.92 | | 1015.28 |
| | | to your Share 45 | | | |
| 12-04-00 | | Withdrawal | 400.00 | | 615.28 |
| 12-06-00 | | Phone Transfer Withdrawal | 550.00 | | 65.28 |
| | | to your Share 45 | | | |
| 12-13-00 | | ACH Deposit | | 136.50 | 201.78 |
| | | US TREASURY 303(3031036360)-SOC SEC | | | |
| 12-30-00 | | Withdrawal Transfer | 150.00 | | 51.78 |
| | | to your Share 45 | | | |
| 12-31-00 | 1230 | Deposit Dividend | | 0.62 | 52.40 |
| | | Annual Percentage Yield Earned 2.77% | | | |
| | | on Avg Daily Bal of 266.68 for 31 Days | | | |
| 12-31-00 | | New Balance | | | 52.40 |

Interest of        5.82    has been paid year-to-date for this suffix.

## Savings 2   PRIMARY SAVINGS

| Eff date | Post | Transaction Description | Withdrawal | Deposit | Balance |
|---|---|---|---|---|---|
| 09-30-00 | | Previous Balance | | | 25.65 |
| 10-31-00 | | Deposit Dividend | | 0.06 | 25.71 |
| | | Annual Percentage Yield Earned 2.79% | | | |
| | | on Avg Daily Bal of 25.65 for 31 Days | | | |
| 11-17-00 | 1120 | Overdraft Transfer Withdrawal | 15.86 | | 9.85 |
| | | to your Share 45 | | | |
| 11-30-00 | | Deposit Dividend | | 0.03 | 9.88 |
| | | Annual Percentage Yield Earned 2.01% | | | |
| | | on Avg Daily Bal of 18.30 for 30 Days | | | |
| 12-31-00 | | New Balance | | | 9.88 |

Interest of        0.63    has been paid year-to-date for this suffix.



MEMBER STATEMENT OF ACCOUNT

NCUA

**Sharon Credit Union**
42 Pond Street
Sharon, Massachusetts 02067
(781) 784-7725



SHARON
CREDIT·UNION

| | PAGE |
|---|---|
| 16325618 | 2 of 2 |

| 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 | 10-01-00 | 12-31-00 |
|---|---|---|
| SOCIAL SECURITY NO. | FROM | TO |
| | STATEMENT PERIOD | |

## M E S S A G E     A R E A

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Dividends and Interest Paid for 2000

| Share | 1 | PRIMARY SAVINGS | 5.82 | |
|---|---|---|---|---|
| Share | 2 | PRIMARY SAVINGS | 0.63 | |
| Share | 45 | NO FEE NOW ACCOUNT | 0.00 | |
| Share | 60 | Money Market | 0.24 | |
| Loan | 90 | OVERDRAFT PROTECTIO | 13.98 | (Non-Deductible) |

Total Taxable Dividends Earned          6.69
Total Non-Deductible Interest Paid     13.98


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*


IMPORTANT TAX INFORMATION

No taxable interest income has been reported to the
Internal Revenue Service this year for this account.





MEMBER STATEMENT OF ACCOUNT

**Sharon Credit Union**
42 Pond Street
Sharon, Massachusetts 02067
(781) 784-7725

*new # (617) 442-8067*
*Samuel Jones*



| ACCOUNT NUMBER | | PAGE |
|---|---|---|
| 16325618 | | 1 of 1 |
| 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 | 01-01-01 | 01-31-01 |
| SOCIAL SECURITY NO. | FROM | TO |
| | | STATEMENT PERIOD |

2438

SAMUEL JONES
PO BOX 191714
BOSTON MA 02119-0032

*Annual Auto Loan Special*
6.75% APR
New, Used or Refinance
or
6.50% APR with payroll deduction
Call us for details at 781-784-7725
or visit us at sharoncu.com

---

**Savings 1    PRIMARY SAVINGS**

| Eff date Post | Transaction Description | Withdrawal | Deposit | Balance |
|---|---|---|---|---|
| 12-31-00 | Previous Balance | | | 52.40 |
| 01-03-01 | ACH Deposit | | 1214.00 | 1266.40 |
| | US TREASURY 303(3031036030)-SOC SEC | | | |
| 01-03-01 | Withdrawal Transfer | 1050.00 | | 216.40 |
| | to your Share 45 | | | |
| 01-17-01 | Withdrawal Transfer | 175.00 | | 41.40 |
| | to your Share 45 | | | |
| 01-31-01 | Deposit Dividend | | 0.28 | 41.68 |
| | Annual Percentage Yield Earned 2.76% | | | |
| | on Avg Daily Bal of 121.14 for 31 Days | | | |
| 01-31-01 | New Balance | | | 41.68 |

Interest of       0.28    has been paid year-to-date for this suffix.





**Sharon Credit Union**
42 Pond Street
Sharon, MA 02067
(781) 784-7725



SHARON
CREDIT·UNION

### STATEMENT PERIOD

FROM:    10-01-05
TO:      12-31-05

Account No.    16325618

**SAMUEL JONES**
**PO BOX 191714**
**BOSTON      MA 02119-0032**

NOTICE: SEE REVERSE SIDE FOR IMPORANT INFORMATION

Page   1



## S T A T E M E N T   O F   A C C O U N T S

### Share 1    SHARE ACCOUNT

| Eff date Post | Transaction Description | Withdrawal | Deposit | Balance |
|---|---|---|---|---|
| 09-30-05 | Previous Balance | | | 29.38 |
| 10-31-05 | Deposit Dividend | | 0.01 | 29.39 |
| | Annual Percentage Yield Earned 0.40% | | | |
| | for 31 Days | | | |
| 11-30-05 | Deposit Dividend | | 0.01 | 29.40 |
| | Annual Percentage Yield Earned 0.41% | | | |
| | for 30 Days | | | |
| 12-31-05 | Deposit Dividend | | 0.01 | 29.41 |
| | Annual Percentage Yield Earned 0.40% | | | |
| | for 31 Days | | | |
| 12-31-05 | New Balance | | | 29.41 |

Interest of      0.12   has been paid year-to-date for this suffix.

### Share 2    SHARE ACCOUNT

| Eff date Post | Transaction Description | Withdrawal | Deposit | Balance |
|---|---|---|---|---|
| 09-30-05 | Previous Balance | | | 10.05 |
| 12-31-05 | New Balance | | | 10.05 |

### Share 60    MONEY MARKET

| Eff date Post | Transaction Description | Withdrawal | Deposit | Balance |
|---|---|---|---|---|
| 09-30-05 | Previous Balance | | | 25.46 |
| 12-31-05 | New Balance | | | 25.46 |

**Sharon Credit Union**
42 Pond Street
Sharon, MA 02067
(781) 784-7725



**STATEMENT PERIOD**

| FROM: | $10-01-05$ |
| TO: | $12-31-05$ |

Account No.   16325618

**SAMUEL JONES**
**PO BOX 191714**
**BOSTON      MA 02119-0032**

Page   2

# STATEMENT  OF  ACCOUNTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Dividends and Interest Paid for 2005

| | | |
|---|---|---|
| Share  1 SHARE ACCOUNT | 0.12 | |
| Share  2 SHARE ACCOUNT | 0.00 | |
| Share 60 MONEY MARKET | 0.00 | |
| Loan  90 OVERDRAFT PROTECTION | 0.00 | (Non-Deductible) |

Total Dividends Reported as Taxable    0.12



\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Jan 3, 2001                                          9:33 AM

  SHARON CREDIT UNION
Account Transfer    16325618 Share 1                    $1050.00
SAMUEL JONES          PRIMARY SAVINGS                  $216.40 Bal
    to your Share 45

Account Transfer    16325618 Share 45                   $1050.00
SAMUEL JONES          NO FEE NOW ACCOUNT               $1183.45 Bal
    from your Share 1


   (0 193)                    Receipt 115424043


Jan 03, 2001


To:   SAMUEL JONES                   From:  42 POND STREET
      PO BOX 191714                         SHARON, MA 02067
      BOSTON, MA 02119-0032

**Sharon Credit Union**
42 Pond Street
Sharon, Massachusetts 02067
(781) 784-7725



SHARON
CREDIT·UNION

| ACCOUNT NUMBER | | PAGE |
|---|---|---|
| 16325618 | | 1 of 1 |

| SOCIAL SECURITY NO. | 04-01-01 FROM | 06-30-01 TO |
|---|---|---|
| | STATEMENT PERIOD | |

14130

SAMUEL JONES
PO BOX 191714
BOSTON            MA   02119-0032

I11....I.I...II...II1.I.I.II...II....II...I.I...II.I..II...II

## Completely Free Checking

Sharon Credit Union offers a checking account worth checking into . . .



No minimum balance
FREE unlimited use of checks
Up to $10 off initial check order
Overdraft protection available
FREE ATM use with SCU Debit card
No annual fee on SCU VISA card

Share 1    Share Account

| Eff date Post | Transaction Description | Withdrawal | Deposit | Balance |
|---|---|---|---|---|
| 03-31-01 | Previous Balance | | | 28.20 |
| 04-30-01 | Deposit Dividend | | 0.05 | 28.25 |
| | Annual Percentage Yield Earned 2.18% | | | |
| | on Avg Daily Bal of 28.20 for 30 Days | | | |
| 05-31-01 | Deposit Dividend | | 0.05 | 28.30 |
| | Annual Percentage Yield Earned 2.10% | | | |
| | on Avg Daily Bal of 28.25 for 31 Days | | | |
| 06-30-01 | Deposit Dividend | | 0.05 | 28.35 |
| | Annual Percentage Yield Earned 2.17% | | | |
| | on Avg Daily Bal of 28.30 for 30 Days | | | |
| 06-30-01 | New Balance | | | 28.35 |

Interest of      0.90    has been paid year-to-date for this suffix.

Share 2    Share Account

| Eff date Post | Transaction Description | Withdrawal | Deposit | Balance |
|---|---|---|---|---|
| 03-31-01 | Previous Balance | | | 9.88 |
| 06-30-01 | New Balance | | | 9.88 |



MEMBER STATEMENT OF ACCOUNT

NCUA

| MAIL PAYMENTS TO: | | 258 | 16325618-90 |
| --- | --- | --- | --- |
| SHARON CREDIT UNION | | | ACCOUNT NUMBER |

SHARON CREDIT UNION
30 POND STREET
SHARON, MA 02067
Tel: 781-784-1725

| 258 | 16325618-90 |
| --- | --- |
| | ACCOUNT NUMBER |
| 06-01-01 | 203.34 |
| CLOSING DATE | NEW BALANCE |
| 06-26-01 | 101.00 |
| PAYMENT DUE DATE | MIN. PAYMENT DUE |

DANIEL JONES

PO BOX 191714

BOSTON            ,MA 02119

_OVERDRAFT PROTECTIO

AMOUNT ENCLOSED

$

MAKE CHECK
PAYABLE TO BANK
NAMED ABOVE

PLEASE DETACH AND RETURN THIS PORTION OF THE STATEMENT WITH YOUR PAYMENT.

### STATEMENT OF YOUR LOAN ACCOUNT

| TRANSACTION DATE | DESCRIPTION | LOAN ADVANCES -DEBITS- | PAYMENTS -CREDITS- | FINANCE CHARGE | BALANCE |
| --- | --- | --- | --- | --- | --- |
| 05-02-01 | Previous Bal. | | | | 206.05 |
| 06-01-01 | Interest rate remains the same at 12.50% | | | | 206.05 |
| | Fin. Chg | | | 2.29 | 208.34 |

PAYMENT OF AN AMOUNT IN DISPUTE IS NOT REQUIRED PENDING OUR COMPLIANCE WITH THE LAW ON CORRECTION OF BILLING ERRORS.

| SUMMARY | PREVIOUS BALANCE | + | LOAN ADVANCES (DEBITS) | − | PAYMENTS (CREDITS) | + | FINANCE CHARGE | = | NEW BALANCE |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| PRINCIPAL | 206.00 | | 0.00 | | 0.00 | | | | 200.00 |
| FINANCE CHARGE | 6.05 | | 0.00 | | 0.00 | | 2.29 | | 8.34 |
| TOTAL | 206.05 | | 0.00 | | 0.00 | | 2.29 | | 208.34 |

Minimum Monthly Amount Billed will be $ 50

| FINANCE CHARGE FOR THIS STATEMENT PERIOD CAN BE COMPUTED AS FOLLOWS | = | DAILY PERIODIC RATE | × | NUMBER OF DAYS IN THE BILLING CYCLE | × | AVERAGE DAILY BALANCE | ANNUAL PERCENTAGE RATE |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | 0.036984 | | 31 | | 200.00 | 13.50000 |

The FINANCE CHARGE will continue to accrue until the date the New Balance is paid-in-full. The FINANCE CHARGE which accrues from the closing date of this statement to the date the New Balance is paid-in-full, will appear on your next statement.

| MISCELLANEOUS LOAN INFORMATION | | | | BREAKDOWN OF MINIMUM PAYMENT DUE | | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| CLOSING DATE | ACCOUNT NUMBER | CREDIT LIMIT | AVAILABLE CREDIT | AMT. OVERDUE | + CURRENT MIN. DUE | MINIMUM PAYMENT DUE | PAYMENT DUE DATE |
| 04010 | 16325618 | 200 | 0.00 | 75.00 | 25.00 | 101000424 01 | |

DIRECT INQUIRIES TO:

SHARON CREDIT UNION
30 POND STREET
SHARON, MA 02067
617  784-7725

_OVE DRAFT PROTECTIO

NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION.

MAIL PAYMENTS TO:

SHARON CREDIT UNION
42 POND STREET
SHARON. MA 02067
Tel: 781-784-7725

335

| 16325618-90 | |
|---|---|
| ACCOUNT NUMBER | |
| 03-01-02 | 213.40 |
| CLOSING DATE | NEW BALANCE |
| 03-26-02 | 238.40 |
| PAYMENT DUE DATE | MIN. PAYMENT DUE |

SAMUEL JONES

PO BOX 191714

BOSTON              ,MA 02119

_OVERDRAFT PROTECTIO



AMOUNT ENCLOSED

$

MAKE CHECK
PAYABLE TO BANK
NAMED ABOVE

PLEASE DETACH AND RETURN THIS PORTION OF THE STATEMENT WITH YOUR PAYMENT.

## STATEMENT OF YOUR LOAN ACCOUNT

| TRANSACTION DATE | DESCRIPTION | LOAN ADVANCES (DEBITS) | PAYMENTS CREDITS | FINANCE CHARGE | BALANCE |
|---|---|---|---|---|---|
| 02-01-02 | Previous Bal. | | | | 211.25 |
| 02-01-02 | Interest rate remains the same at 13.50% | | | | 211.25 |
| | Fin. Chg | | | 2.15 | 213.40 |

PAYMENT OF AN AMOUNT IN DISPUTE IS NOT REQUIRED PENDING OUR COMPLIANCE WITH THE LAW ON CORRECTION OF BILLING ERRORS.

| SUMMARY | PREVIOUS BALANCE | + | LOAN ADVANCES (DEBITS) | − | PAYMENTS (CREDITS) | + | FINANCE CHARGE | = | NEW BALANCE |
|---|---|---|---|---|---|---|---|---|---|
| PRINCIPAL | 200.00 | | 0.00 | | 0.00 | | | | 200.00 |
| FINANCE CHARGE | 11.25 | | 0.00 | | 0.00 | | 2.15 | | 13.40 |
| TOTAL | 211.25 | | 0.00 | | 0.00 | | 2.15 | | 213.40 |

Minimum Monthly Amount Billed will be $ 50

| FINANCE CHARGE FOR THIS STATEMENT PERIOD CAN BE COMPUTED AS FOLLOWS | = | DAILY PERIODIC RATE | × | NUMBER OF DAYS IN THE BILLING CYCLE | × | AVERAGE DAILY BALANCE | ANNUAL PERCENTAGE RATE |
|---|---|---|---|---|---|---|---|
| | | 0.036986 | | 29 | | 200.00 | 13.50000 |

The FINANCE CHARGE will continue to accrue until the date the New Balance is paid-in-full. The FINANCE CHARGE which accrues from the closing date of this statement to the date the New Balance is paid-in-full, will appear on your next statement.

| MISCELLANEOUS LOAN INFORMATION | | | | BREAKDOWN OF MINIMUM PAYMENT DUE | | | | |
|---|---|---|---|---|---|---|---|---|
| CLOSING DATE | ACCOUNT NUMBER | CREDIT LIMIT | AVAILABLE CREDIT | AMT OVERDUE | + | CURRENT MIN DUE | = MINIMUM PAYMENT DUE | PAYMENT DUE DATE |
| 030102 | 16325618 | 200 | 0.00 | 213.40 | | 2500 | 23840 | 032602 |

_OVERDRAFT PROTECTIO

DIRECT INQUIRIES TO:

SHARON CREDIT UNION
42 POND STREET
SHARON, MA 02067
(781) 784-7725

NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION.



March 4, 2002

The Commonwealth of Massachusetts
Office of the Commissioner of Banks
Consumer Assistance Unit
One South Station
Boston, MA 02110

RE:              Samuel Jones
Complaint ID:    103204

Dear Sir/Madam:

We have reviewed our files on the above referenced matter and have determined the
following:

On May 20, 1996, Mr. Jones opened a primary share account (#16325618) with an initial
deposit in the amount of $32,000.   On June 1, 1996, a trustee account for Mr. Jones was
opened naming Hillary Jones as the beneficiary and $25,301.00 was transferred into that
account from the primary share account.

Our records indicate that Mr. Jones did open a trustee account with $25,301.00. That
money was credited to the account as specified. However, Mr. Jones made transactions
after the deposit was made depleting the funds in the account.

A detailed listing of transactions that reduced that account to its present balance is
attached.

We received correspondence from Mr. Jones in May of 2001. At that time, his concerns
were addressed and a detailed listing was sent to him showing the transactions that
determined his current balances.

If you have any questions or require additional information, please do not hesitate to
contact me.

Sincerely,

James L. Carlson
President

January 23, 2004

TO: Sharon Credit Union          Via Certified Mail
    42 Pond Street               Return Receipt Requested
    Sharon, MA 02067             # 7002 2030 0002 129 0810
    (781) 784-7725               and First Class U.S. Mail

FROM: Samuel Jones
      178 Humboldt Ave. Suite # 3
      Boston, MA 02121
      (617) 427-4491

  RE: $25,000 Trust-Fund deposited/withdrawal of shares
      (Account NO. 16325618)

Dear Mr. Carlson:

    This is to notify you that it is the obligation of Sharon

Credit Union to repay amount $25,000 paid on trust-fund

deposited by members upon proper notice of intention to withdraw

funds. Where shareholder gave proper notice of intention to

withdraw his funds and, upon failure of Credit Union to pay,

and that funds were not available rested on credit union, suit

will be brought, since this fact is peculiarly within its

officers' knowledge. Such examination and audit shall be made

in such form and such manner as the Commissioner may prescribe

and such examination and audit of a credit union having assets

over 5 million dollars shall be made by a certified public

accountant or public accountant not connected with the Credit

Union.   This notice of Mr. Jones' intention to withdraw his

$25,000 Trust-Fund together with the dividends. If you have

any questions in this matter, please call me at (617) 427-4491.

Thank you for your attention in this matter.

                              Sincerely

                              Samuel Jones

file,
                                   5.



# The Commonwealth of Massachusetts

*Office of the Commissioner of Banks*
*One South Station*
*Boston, Massachusetts 02110*

MITT ROMNEY
GOVERNOR

KERRY HEALEY
LIEUTENANT GOVERNOR

STEVEN L. ANTONAKES
COMMISSIONER OF BANKS

BETH LINDSTROM
DIRECTOR
OFFICE OF CONSUMER AFFAIRS
AND BUSINESS REGULATION

March 30, 2004

Samuel Jones
178 Humboldt Avenue, Suite #3
Boston, Massachusetts 02121

Dear Mr. Jones:

The Division of Banks ("Division") received your recent correspondence regarding your account with Sharon Credit Union. I am sorry to see that you still are questioning this matter. I understand that you have also contacted the credit union and have previously discussed the matter with the credit union's personnel.

The funds in question were deposited into your accounts with the credit union. Over time the account statements show that you made withdrawals that brought the balance down. Copies of the statements have been provided to you previously and are enclosed again for your information. As the transactions, for the most part, took place over six years ago you may not recall them. The credit union has no record of your disputing the transactions during the time you were provided with the statements showing the withdrawals.

There is no additional assistance that the Division can provide.

Sincerely,

Christine Snow

Christine Snow
Chief Director
Compliance and Community Affairs Section

Enclosures



May 20, 2005

United States District Court
Sarah Thornton, Clerk of the Court
John Joseph Moakley Courthouse
1 Courthouse Way, Suite 2300
Boston, MA 02210

Dear Madam Clerk:

Sharon Credit Union acknowledges service of a Summons for Case Number C.A.
No. 04-12652-DPN on May 12, 2005.

Sharon Credit Union denies all allegations made in the complaint. The Credit
Union has previously provided written documentation to Mr. Samuel Jones both
directly and through the Office of the Commissioner of Banks, Commonwealth of
Massachusetts, concerning the disposition of his accounts.

As summarized in a letter dated March 4, 2002 from James L. Carlson, President
of Sharon Credit Union to Office of the Commissioner of Banks, Mr. Jones did
deposit monies at the Credit Union and did subsequently make periodic
withdrawals of varying amounts thereby reducing the balances to their current
levels. Documentation of the account activity was provided at that time. Mr.
Jones received regular statements of his accounts from the time the account was
opened and he never once disputed any account activity disclosed on those
statements. Also, on May 11, 2001 Mr. Carlson provided Mr. Jones with
documentation of his account activity which substantiated the account balances at
that time. A copy of the cover letter for that communication is also attached.

With regard to the Trustee Account opened by Mr. Jones, Sharon Credit Union
did not serve in any fiduciary capacity with regard to the Trust. The Credit Union
was merely the depository for the funds. Mr. Jones was the Trustee and the only
person authorized to transact on the account.

Sharon Credit Union respectfully requests the Court to dismiss this case in favor
of Sharon Credit Union. Mr. Jones claims are without factual basis. Further, the

United States District Court                                    Page 2
Case # 04-12652-DPN

Credit Union has provided Mr. Jones with sufficient documentation to refute both
his prior claims and this complaint.

Respectfully yours,

Mark C. Emerson
Chief Operating Officer

Enclosures:    Letter dated March 4, 2002
               Letter dated May 11, 2001

Cc:    Mr. Samuel Jones
       P.O. Box 191714
       Boston, MA 02119

APRIL 8, 2005

   TO: Sharon Credit Union
      30 Pond Street
      Sharon, MA 02067

ATTN: DIRECT INQUIRIES

   RE: Statement of Account No.16325618
      Shareholder, Samuel Jones

DATE: Period from May 1996 through December 1997
      and Period from January 2005 to March 31, 2005

FROM: Samuel Jones
      P.O. BOX 191714
      Boston, MA 02119
      (617) 792-0986
      (617) 442-8067

Dear Sir/Madam:

The statement of account received March 31, 2005 indicates that error in the "Share 60 Money Market Account" in the amount $25.46. The shareholder believes that the correct amount should have been made to Trust-Fund Account in the amount of $25,000 in MAY 1996. The shareholder deposited a Cashier Check for $38,000 and from that deposited, $25,000 was made to trust-fund account. It appears that the correct amount should be $25,460. The Sharon Credit Union has not provided evidence that $25,000 had been withdrawn from the trust - fund account at any time for above period.

Upon your investigation, please forward copies of both accounts along with money trials of each account since 1996. If you have further questions regarding this matter, please call or write me at the above address.

Thank you for your prompt attention.

Sincerely,
Samuel Jones

CERTIFICATE OF SERVICE

I hereby certify that one True Copy of the foregoing documents were served upon Sharon Credit Union, James L. Carlson, President of Record on the 5 day of January, 2006

VIA Regular and Certified mail

Date: 01-05-06

Samuel Jones
SAMUEL JONES

---

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

The Commonwealth of Massachusetts
Office of the Commissioner
of Banks
One South Station
Boston, MA 02110
ATTN: Steven L. Antonakis
Commissioner of Bank

A. Signature
X _____

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)    7004 0550 0000 2294 2703

---

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Sharon Credit Union
Corporate Office
30 Pond Street
Sharon, MA 02067
ATTN: James L. Carlson

A. Signature
X M Vandette    ☐ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
   M. Vandette               1/9/06

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)    7005 1160 0002 6222 3010

Form 3811, February 2004          Domestic Return Receipt

*CERTIFICATE OF SERVICE*

*I hereby certify that two true copy's of the foregoing documents were served upon Sharon Credit Union, James L. Carlson, president of record on the 21 day of November, 2005.*

*VIA REGULAR AND CERTIFIED MAIL*

11/21/05
Date

Samuel Jones

---

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

SHARON, MA 02067

| | | |
|---|---|---|
| Postage | $ | 0.83 |
| Certified Fee | | 2.30 |
| Return Receipt Fee (Endorsement Required) | | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | 4.88 |

UNIT ID: 0109

Postmark
Here

Clerk: BXTCJO

11/21/05

Sent To: SHARON Credit Union
Street, Apt No.; or PO Box No. 30 Pond St.    ATTN: JAMES L. CARLSON
City, State, ZIP+4 Sharon MA 02067    President

PS Form 3800, June 2002    See Reverse for Instructions

7005 1820 0001 4895 0417

---

**SENDER:** COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

SHARON Credit Union
30 Pond Street
Sharon, MA 02067

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X J. Maff    ☐ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
Mail VA    1/23

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☒ No

3. Service Type
☒ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number (Transfer from service label)
7005 1820 0001 4895 0417

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SAMUEL JONES
    Plaintiff,

                                    CIVIL ACTION
        v.                          NO. 04-12652-DPW

SHARON CREDIT UNION,
    Defendant.

_____

AFFIDAVIT OF SAMUEL JONES

SAMUEL JONES being duly sworn, says that he is
the person appointed by order of this Court dated MAY 12,
2005, to serve the summons and complaint herein upon
Sharon Credit Union, the defendant in this action, and
that on the ___21___ day of November 10, 2005, he made service
thereof upon the said defendant by delivering a copy of the
Default Judgment, Motions for Default Judgment and of the
complaint at 30 Pond Street and at 42 Pond Street, both at
Sharon, Massachusetts, to James L. Carslon, the general or
president of the Sharon Credit Union.

                                    SAMUEL JONES

Sworn to before me and subscribed in the presence this 21th
day of ___November___, 2005.

                                    NOTARY PUBLIC





MATTHEW A. PAINE
Notary Public
Commonwealth of Massachusetts
My Commission ...
April 2...05

FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2006 JAN -5 P 2:31

SAMUEL JONES

    Plaintiff,

CIVIL ACTION NO. DISTRICT OF MASS

04-12652-DPW

v.

SHARON CREDIT UNION

    Defendant.

### AGREEMENT FOR JUDGMENT

THE PARTIES IN THE ABOVE-ENTITLED ACTION HEREBY STIPULATE
AND AGREE TO THE FOLLOWING:

1.   Judgment for the plaintiff for possession and
damages in the amount of $25,460.00 plus interest and costs
as determined by the Clerk of the Court shall enter this
day, but Execution of the Default-Judgment shall be stayed
until the terms and condition set forth in Stipulation of
Dismissal. Plaintiff requests Sharon Credit Union to set
aside $300,000 in escrow account for mortgage loan.

2.   If the Defendant fails to comply with or make the
payments in accordance with the agreement set forth below,
the Plaintiff may request an execution for triable damages,
costs, and interest by filing a motion which shall indicate
which covenants or payments have not complied with the
balance owed. The Court after a hearing shall determine
whether the President of Sharon Credit Union is in
substantial violation of a material term or condition of
a stay or a material term of the agreement for judgment.

1

As a direct and proximate result of the defendant Sharon Credit Union's actions the plaintiff Samuel Jones and the class he represents has suffered and will continue to suffer severe emotional distress, mental anguish and other irreparable injury from the banking institution's discriminatory policies, practices, procedures and customs as set forth herein.

### PRAYER FOR DAMAGES

WHEREFORE, Plaintiff respectfully prays this Honorable Court grant him an Order for United States of America on behalf of a Negro person a speedy hearing at the earliest practicable date, cause this Case to be in way expedited and upon such hearing to:

1. Awards such damages as will fully compensate him for injuries caused by the conduct of the Sharon Credit Union

2. Awards punitive damages to him pursuant to 42 U.S.C. && 3612(0)(3), 3613(C)(1), and 3614(d)(1)(B); and Awards civil penalties to the United States in the amount authorized by 42 U.S.C. & 3614(d)(1)(C) in order to vindicate the public interest.

3. For emotional distress, $65,000, double under M.G.L. 151(B),& 9, to $130,000.

4. And legal costs of $3,500.

Respectfully submitted,

By: SAMUEL JONES
10 Gardner Street
Boston, Massachusetts 02179

Demand for jury trial

OFFICE

-5 ₽ 2:3!

OF MASS.

*UNITED STATES DISTRICT COURT*
*DISTRICT OF MASSACHUSETTS*

| | |
|---|---|
| *SAMUEL JONES,* | ) |
| | ) *Civil Action No.* |
| *Plaintiff* | ) *04-12652-DPW* |
| | ) |
| *v.* | ) |
| | ) |
| *SHARON CREDIT UNION* | ) |
| | ) |
| *Defendant.* | ) |

*RELEASE OF CLAIMS*

*This Release of Claims is made and entered into this*
*___ day of January, 2006, by and between the Sharon Credit*
*Union ("such bank") or ("banking institutions") and the*
*shareholder ("Samuel Jones"). Pursuant to the Notice of Default*
*Judgment entered by the United States District Court for the*
*District of Massachusetts on ___November 10___, 2006 in Samuel*
*Jones v. Sharon Credit Union, Civil Action No. 04-12652-DPW,*
*approving the ___"Settlement"___ between the Parties*
*dated ___January 5___, 2006, and dismissing the Civil Action*
*in its entirety on the merits, with prejudice. This Release*
*of claim is only for Sharon Credit Union and that such bank*
*will acknowledged that funds was set aside for Sharholder'*
*daughter, Namely, Hillary A. Jones and two minor children.*

*In consideration of the payments and other benefits to*
*Plaintiff, a Negro ("Class Member") individually, set forth*
*in the ("Settlement Agreement") and Order dated September*
*15, 2005, and other valuable consideration, receipt of which*
*is hereby acknowledged, and ("Consent Decree") by order of*
*the United States District Court, together with each and all*

1

of its past or present predecessors, successors, parents,
offiliates, subsidiaries and assigns, and its respective past
or present directors, officers, employees, agents, attorneys
and representative, and anyone active in concert with any of
them hereby fully, finally, unconditionally and irrevocably
waive, release, remise, discharge and covenant not to sue the
Sharon Credit Union or all of its past or present predecessors,
successors, parents, affililates, subsidiaries and assigns,
and their respective past or present directors, officers,
employees, agents, attorneys and representatives, and anyone
active in concert with any of them, from or any and all direct,
indirect, representative individual and/or class claims,
allegations, actions, rights, obligations, liabilities and cause
of action of whatsoever kind or nature, arising up to and
including which arise out or relate to the race discrimination
claims or claim of retaliation, and claims for damages, back
pay or other monetary relief or benefits, or for injunctive,
declaratory, equitable, compensatory, punitive or any other
relief for any such alleged unlawful discrimination or
retaliation; and

2

any and all direct, representative, individual and class claims, allegations and causes of action for attorneys' fees and costs that the Named Plaintiff or the Class has made or could have made or could have made arising out of the claims in this Case or other Cases, as of Dated _____, 2006.

From or any and all direct, indirect, representative, individual and/or class claims, allegations, action, rights, obligations, liabilities, and cause of action of whatsoever kind or nature arising during the term of this Consent Decree, including any extension thereof, through or in any court proceeding or in any arbitration or other dispute resolution mechanism, which arise out or relate to any claim that actions taken by Sharon Credit Union or ("such bank") or respondents ("Releasees") in implementation of the terms of the Consent Decree violate the Constitution, any agreement or any obligation or statutory, regulatory, or common law, provided however, that the terms of this release shall not be interpreted to limit the plaintiff in seeking enforcement of the Consent Decree pursuant to the provisions (ommitted) or in seeking to have certain provisions of the Consent Decree incorporated into the ("Collectively" or "Jointly")' claims filed or pending Docketing in the United States Supreme Court.

SSWORN TO BEFORE ME
THIS S^th DAY OF
JANUARY 2006.

RELEASOR

By: SAMUEL JONES

MATTHEW A. PAINE
Notary Public
Commonwealth of Massachusetts
My Commission Expires
April 25, 2008

3

FILED
CLERKS OFFICE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

2006 AUG 25  P 4: 06

DISTRICT OF MASS.

SAMUEL JONES,                  )  Civil Action NO. 04-12652-DPW
          Plaintiff,           )
                               )
v.                             )
                               )
SHARON CREDIT UNION            )
          Defendant.           )

### AFFIDAVIT OF SAMUEL JONES

I, Samuel Jones, do hereby depose and state as follows:

1. I am shareholder and Hillary Jones is the beneficiary of
$25,000 Trust Account, at 30 Pond Street, Sharon, Massachusetts

2. The Court recognized that James L. Carson is the President
of Sharon Credit Union ("such bank") or ("credit union") for
the past 19 years. Mr. Carlson knew that I had deposited Cashier
Check in the amount of $38,000. The Chief Operating Officer,
Mark C. Emerson response to Court indicates he was and did w
contact Mr. Carlson regarding this dispute about Trust-Account

3. I have made several calls and ask Mr. Carlson to provide,
me with a statement that the trust - account for beneficiary
Hillary Jones has been depleted. Ms. Manning and Ms. Ross was
present when I signed the two white cards naming Hillary Jones
and that $25,000 was being withheld from the $38,000.

4. I received $60,000 for "personal injury" from the MBTA
when I was fired from my  job as bus operator on February 15,
1994. I have not received any evidence, facts or by laws that
("such bank") had authorization  to withhold Shareholder funds
and made unavailable mortgage loan and other loans. My other
accounts are not in dispute at 30 Pond Street, Sharon, MA

.

5.      The banking institutions or ("Corporations") admits
no wrongdoing consists in the failure to do something which
the party is ordered by the court to do for the benefit or
advantage of another party to the proceedings before the
court, or its process or which   obstruct the administration
of justice or tend to bring the court into disrespect.
I have a constitutional rights to a trial as to claims for
money damages (e.g., emctional distress, and front pay) under
Chapter 151B. Moreover, the Defendants's acts against the   -

individual, was unreasonable, arbitrary, and oppressive, and
therefore, hostile to the inherent right of every ("persons")
to sue and  that the execution of such a law against one who
objects to ("Settlements Agreement") is nothing short of an
assault upon his person. Shall the State and Federal Court
allow the Corporations to escape repeated Default Judgment?

   Furthermore, the standard of review does not apply to this
case and the procedural process would be significantly aided
by oral argument for determination of compensatory and punitive
damages. The President of Sharon Credit Union and the President
of Gillette was served with summons and Complaint. The employee
Ms. Manning is not a party and need not be served upon.

   Signed under the pains and penalties of perjury this
_____ DAY OF _August_____, 2006.

                    _____
                    BY: Samuel Jones, Shareholder

                        2.