UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAMUEL JONES,<br>    Plaintiff<br><br>    v.<br><br>SHARON CREDIT UNION ET AL.,<br>    Defendants | CIVIL ACTION NO.<br>04-12652-DPW |

PLAINTIFF'S OPPOSITION TO DEFENDANTS SHARON
CREDIT UNION AND GILLETTE MOTION TO DISMISS

    Plaintiff, Samuel Jones, hereby files his Amended Opposition to Defendants's Motion to Dismiss, for the following reasons:

    Defendant, Sharon Credit Union seeks to have Plaintiff's claims dismissed for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b)(6) for failure to state a claim and Fed. R. Civ. P. 4(m), to dismiss for lack of service against ("Persons") at ("Such Bank"), or ("Credit Union"). Alternatively, Defendants seek for the Court to set aside an entry of default Judgment upon application on November 10,2006. However, due to the circumstances set forth below, Plaintiff has been unable to get statement of his trust account from the time the account was opened in 1996. For example, on June 9, 2000, plaintiff Jones apartment was padlocked and his bank-pass-book, deposit slips for trust-account and other evidence was seized by the Boston Housing Authority ("BHA") pending stay of excution by (" highest state court"). The Court did not authorized the seized of his apartment.

    Under Rules of Civil Procedure, Rule 10(a) works no

1

substantial change in Massachusetts practice except for requiring that the county be stated in the caption...... Causes of action for tort and contract could be joined in a single declaration, provided they derived from the same subject matter, M.G.L. c. 231, & 7. By statute, a declaration could "contain any number of counts for different causes of action in the same division of action."

Furthermore, Rule 8(e)(2), the pleader is entitled to state "as many separate claims....as he has regardless of consistency and whether based on legal or equitable grounds."

Nevertheless, the president of the bank, Mr. Carlson in an unsigned letter to the Office of the Commissioner of Banks, dated March 4, 2002 stated that Mr. Jones " On May 20, 1996, opened a primary share account (#16325618) with an initial deposit in the amount of $32,000. On June 1, 1996, a trustee account for Mr. Jones was opened naming Hillary Jones as the beneficiary and $25,301.00 was transferred into that account from the primary share account." Mr. Carlson has not provided the Court and Mr. Jones with statements that the account was depleted.

Plaintiff motion under Rule 59(e), authorizes the court to alter or amend a judgment provided the motion is served within 10 days of entry of judgment. (See Arthur D. Little,Inc. v. East Cambridge Savings Bank, 35 Mass.App.Ct. (1994).

For the reasons set forth above, Plaintiff respectfully requests that this Court deny Defendants's Motion, and grant

2

his motion for triable damages in the amount of Seventy-five thousand dollars ($75,000) plus costs against Sharon Credit Union and triable damages in the amount of Seventy-five Millions ($75,000,000) plus cost against Gillette Corporation.

Respectfully submitted,

*Samuel Jones*
Samuel Jones
1 Mount Pleasant Place
Boston, Massachusetts 02119

Dated: April 9, 2007

CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the above document was served upon the attorneys of record for each party by hand or mail

Dated *April 9, 2007*    *Samuel Jones*

3

2

Moreover, Mr. Jones is without funds since 1996, and if the Court allow the Default Judgment to dismiss would be miscarriage of justice. The CEO Officer at Gillette and CEO Officer was well compensated for their efforts. I have to bear my own cost to redress a wrongdoing by the Defendants. I demand judgment and Trial by Jury.

Signed under the pains and penalties of perjury this 9 day of April, 2007.

*Samuel Jones*
Samuel Jones

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by hand

| Attorney for(SCU) | Samuel Jones by hand |

3