UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SAMUEL JONES,　　　　　　　　)
　　Plaintiff,　　　　　　　　)　　CIVIL ACTION NO.
　　　　　　　　　　　　　　　)　　04-12652-DPW
　　vs.　　　　　　　　　　　 )
　　　　　　　　　　　　　　　)
SHARON CREDIT UNION, ET AL.,)
　　Defendants.　　　　　　　 )

### MOTION FOR A NEW TRIAL AFTER JUDGMENT ENTERED

The plaintiff respectfully moves, pursuant to Federal Rules, Rule 59 (a), for this Honorable Court to set aside the Memorandum And Order dated March 30, 2007 and order the entry of a finding of Default Judgment or in the alternative, to a new trial only for damages. In additional, the single justice' statutory authority under M.G.L. c. 231, & 118, which permits aggrieved parties to seek review of interlocutory orders entered in housing Court. (See Appeals Court No. 07-J-0056, Cox v.Jones)

　　As reasons therefore;

1. The State and Federal District Courts during the course of the trail has decided a federal question of substance not theretofore determined by this Court, or has decided it in a way probably not in accord with applicable decisions of this Court pursuant to Supreme Court Rules, Rule 19(a), Rule 28, and Rule 29. etc,.

2. A cause of action accrues when the plaintiff has knowledge or reasonable notice that he has been harmed and when he has knowledge of sufficient notice what the cause of the harm was, Bowen v. Eli Lilley & Co. 408 Mass. 204, 209

(1990). Reasonable notice that a person may have caused harm to the plaintiff creates a duty of inquiry and starts the running of the statute of limitations. <u>Hendrickson v. Sears</u>, 365 Mass. 83, 91 (1974). (See Exhibits A, B, C. D.)

3. The civil proceedings in this case arose from a 1964 Act which was passed to facilitate a legal determination on the constitutionality of these amendments. The law explicity authorized the class action suits ( a suit brought by the plaintiff for himself and for all others similarly situated) by Samuel and others, [Negroes] (See U.S.Dist. Ct., C.A. No. 75-3017-Z) and Exhibits hereto attached along with Affidavits .

4. The District Judge's finding on April 14, 1983, sustained Jones' promotion claim and, on June 27, 1983, it entered an order that Gillette pay Jones $8,936.31 in damages.

5. The State and Federal District Courts erred in not awarding the proceedings special priority over the hearing of other cases, and not provided legal expenses incurred by the plaintiffs be defrayed by funds payed out of the U.S. Treasury in the event of an adverse judgment. Futhermore, the District Court error in allowing the Defendants to escape Default Judgment leaving the Plaintiff to defend for himself and to bear all legal costs to redress a wrong within the statute of limitation.

For the reasons set forth above, Plaintiff respectfully requests that this Court deny Defendants' Motion to dismiss and allow plaintiff's Motion to grant jurisdiction or in alternative, a new trial for awarded of punitive damages.

Respectfully submitted,

BY: Samuel Jones  Pro Se
1 Mount Pleasant Place
Boston, Massachusetts 02119
(617) 792-0986

Dated: April 9, 2007

### CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by hand.
Dated: April, 9, 2007

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
SAMUEL JONES,               )
     Plaintiff              )   Civil Action No.
                            )   04-12652-DPW
     v.                     )
                            )
SHARON CREDIT UNION, ET AL.,)
     Defendants.            )
```

## AFFIDAVIT OF SAMUEL JONES

I, Samuel Jones, do hereby depose and state as follows:

1. I am the holder of trust-account at Sharon Credit Union ("Such bank") or ("Credit Union") located at 30 Pond Street, Sharon, Massachusetts. My daughter Hillary Jones as the beneficiary. I have been a shareholder since MAY 1996.

2. In May 1996, Ms. Manning set aside the trust account in the amount of $25,000.00 and the transaction was witness by Ms. Geraldine Ross. Sharon Credit Union employee, Ms. Manning informed Mr. Jones that he will no longer need his bank pass book because the bank was in the process of changing all transactions onto new computer system.

3. During that time, my Social Security Disability income (SSDI) was direct deposit with Sharon Credit Union located at 30 Pond Street, Sharon, Massachusetts.

4. In letter (unsigned) dated on May 11, 2001, Mr. Carlson did not attached a copy of the statement requesting the trust-account. In another statement Mr. Carlson stated that I "never open an trust-account" and another statement that I had "depleted" the account. I made several inquiries.

1

5.  On June 9, 2000, I entered the New England Shelter for Homeless Veterans and remain in the shelter until May 2001. Mr. Carlson had no reasons whatsoever to send mails to 289 East Eight Street, South Boston because all mails were forwarded to my P.O. BOX 191714 thru April 9, 2007. I did not receive statement of trust account except that $25.40 was reported. Mr. Carlson knew that my apartment was padlocked on June 9, 2000

6.  On March 4, 2002, the Office of the Commissioner of Banks has determined that "On June 1, 1996, a trustee account for Mr. Jones was opened naming Hillary Jones as the beneficiary and $25, 301.00 was transferred into that account from the share account." Mr. Carlson has not provided an audited of this tranaction and at a meeting at 42 Pond Street, Sharon, Massachusetts, I saw on Mr. Carlson's computer that $25.40 was reported incorrectly. I believe it should have been $25,400 Mr. Carlson and his Secretary was present.

7.  Mr. Carlson mislead Mr. Jones and that the funds of its depositors are not protected and not properly accounted for. During my relationship with the bank Ms. Manning had to correct many mistakes by tellers located at 30 Pond Street. I believe had Ms. Manning been present she would have corrected this account. Due to an promotion, she was transfer to the Waltham's Office. I asserts claims against Mr. Carlson because he is accountable for funds of the BANK. Mr. Carlson was served summons and complaint. The U.S. Marshall knowledged that he was served properly.